George C. DESMOND, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee (two cases).

Nos. 6135, 6218.

United States Court of Appeals First Circuit.

June 25, 1964.

Loyd M. Starrett, Boston, Mass., with whom Edwin H. Amidon, Jr., and Foley, Hoag & Eliot, Boston, Mass., were on brief, for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The appellant and one Ivory Parker were indicted in March 1962 in two counts for violations of the federal narcotics laws, specifically Title 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. The court below appointed separate counsel for each defendant, and in June 1962 they were tried together by jury on pleas of not guilty. Both were found guilty as charged, and each was sentenced forthwith to concurrent 5-year terms. Neither appealed.

In November 1962 motions by Desmond for a trial transcript and for a certified copy of docket entries and for leave to proceed *in forma pauperis* supported by affidavit were denied. But in February 1963 the court below, pursuant to Title 28 U.S.C. § 1915, gave Desmond leave to proceed *in forma pauperis* and at the same time ordered that Desmond be provided at government expense with a transcript of his trial consisting of the testimony and the charge. Approximately two months thereafter, on April 17, 1963, Desmond filed a motion under Title 28 U.S.C. § 2255 to vacate and set aside his sentence on three grounds, insufficiency of the evidence to support his conviction,[1] prejudicial remarks of government's counsel in his argument to the jury and errors in the court's charge. On May 1, 1963, the court below without hearing denied a request by Desmond for appointment of counsel and denied his motion on the ground that the motion and the transcript conclusively showed that he was not entitled to relief. In its accompanying memorandum the court said that a motion under § 2255 was not a substitute for an appeal and that the conduct of government counsel at the trial and errors of law in the charge, while reviewable on appeal, were not open to collateral attack by motion to vacate, set aside or correct sentence. As the case then stood we think the action of the court was correct.

But on timely motion for reconsideration the petitioner asserted a new ground for relief, to wit, failure of his court appointed counsel to appeal on his behalf after stating that "he had filed all the necessary motions to afford me an appeal." On May 22, 1963, the court denied the motion for reconsideration, stating in an accompanying memorandum that to prevail "the petitioner must show not only that he was deprived of the right of appeal but also that there was plain reversible error in the trial" and that the record "does not disclose such plain error." The court below directed the clerk to file notice of appeal for the petitioner "forthwith" (the petitioner himself also

---

1. The sufficiency of the evidence has not been argued on this appeal and need not be considered.

filed notice of appeal) and granted him leave to prosecute it *in forma pauperis.*[2]

Upon application to this court for appointment of counsel to prosecute the above appeal and the one mentioned in footnote 2, the members of the court separately examined the file and the transcript, and, entertaining doubt with respect to the propriety of the action taken by the court below, appointed counsel to prosecute both appeals.

The appellant's allegation in his motion for reconsideration to the effect that his counsel told him that an appeal had been taken when in fact it had not, added a new dimension to the case.

 To confer appellate jurisdiction an appeal must be taken within the ten-day time limitation of Criminal Rule 37(a) (2). United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). And: "So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947).[3] The Court, however, in the above case 332 U.S. at page 180, 67 S.Ct. at page 1591, quoting Chief Justice Hughes in Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 said: " * * * the rule which requires resort to appellate procedure for the correction of errors 'is not one defining power but one which relates to the appropriate exercise of power.' " Therefore, the Court continued, the rule is " 'not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' "

 A "very tentative classification of categories in which *habeas corpus* has not been deemed beyond the power of federal courts to entertain" is to be found in Mr. Justice Frankfurter's dissenting opinion in Sunal v. Large, 332 U.S. at pages 185 and 186, 67 S.Ct. at page 1594. No useful purpose would be served by listing those categories here. It will suffice to say that in view of the emphasis in Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), on the importance and value of the right of appeal in criminal cases, and at least the implications of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), we think loss of the right to appeal because of deception by counsel belongs in the category, for in that situation the need for the remedy afforded by motion under § 2255 is all too apparent.[4] See Dodd v. United States, 321 F.2d 240 (C. A.9, 1963). That is to say, we think a federal prisoner who has been effectively deprived of his right to appeal by deception practiced upon him by his counsel is entitled to present by motion under § 2255 errors ordinarily cognizable only on appeal.

Let it be emphasized at this point, however, that it by no means follows that a

2. Subsequently in August 1963 the appellant filed another motion under § 2255 in the court below. The court allowed him to proceed on the motion *in forma pauperis* but without hearing denied it in the concluding sentence of a memorandum on the motion. The petitioner appealed and the court below granted him leave to proceed *in forma pauperis*. There is no judgment or order on this motion "set forth on a separate document" as Civil Rule 58 as amended effective July 1, 1963, requires. There is only the court's memorandum and a corresponding docket entry which counsel for the appellant concedes, and we agree, does not constitute an appealable order. That appeal, # 6218, will be dismissed for lack of appellate jurisdiction and need not be given further consideration.

3. That case was decided prior to the enactment of Title 28 U.S.C. § 2255 providing, for most practical purposes, a substitute for *habeas corpus* by prisoners in federal custody. We have no doubt whatever that the general rule announced in the case applies also to motions under the section.

4. We do not need to consider and do not pass upon the question whether neglect of counsel to appeal belongs in the same category. Cf. Dennis v. United States, 177 F.2d 195 (C.A.4, 1949). See Dodd v. United States, 321 F.2d 240 (C.A. 9, 1963) ; Calland v. United States, 323 F.2d 405 (C.A.7, 1963).

bare allegation such as that made in the case at bar automatically entitles a prisoner who has not appealed to what is in effect an appeal with the possibility of a new trial perhaps resulting in acquittal. Prison gates do not swing open so easily. The path to appellate relief by this route is steep and narrow.

In the first place applications for relief such as this must be made promptly. It will not do for a prisoner to wait until government witnesses have become unavailable, as by death, serious illness or absence from the country, or until the memory of available government witnesses has faded. It will not even do for a prisoner to wait any longer than is reasonably necessary to prepare appropriate moving papers, however inartistic, after discovery of the deception practiced upon him by his attorney, for otherwise the strong public policy favoring prompt appeals in criminal cases would be frustrated. Indefinite delay in seeking appellate relief can only produce needless uncertainty and confusion and moreover, if a defendant who has not appealed can later whenever he chooses attack his sentence by motion under § 2255 on grounds ordinarily open only on appeal, litigation in criminal cases will be interminable.

In the second place, it must appear that an appeal would not have been futile. The district court in this case said that the petitioner had to show "plain reversible error" at his trial. There is authority for this requirement, to which the court below referred in its memorandum, such as Mitchell v. United States, 103 U.S.App. D.C. 97, 254 F.2d 954 (1958), cert. denied, 371 U.S. 838, 83 S.Ct. 64, 9 L.Ed.2d 73 (1962). We think, however, in the light shed by recent decisions of the Supreme Court of the United States, that an applicant for relief such as this does not bear so heavy a burden, or indeed, any burden at all.

In Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958), the Court held that the request of an indigent for leave to appeal *in forma pauperis* "must" be allowed unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. And in Coppedge v. United States, supra, the Court, in articulating the standards to be applied by the lower federal courts in passing upon applications for leave to appeal convictions *in forma pauperis*, said, 369 U.S. at page 448, 82 S.Ct. at page 922: "It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts. It is the burden of the Government, in opposing an attempted criminal appeal *in forma pauperis*, to show that the appeal is lacking in merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of the Government, had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements."

Without reference to additional cases, we think it evident that the principles enunciated in the two cases cited above should be applied by analogy to the question presently under consideration in this case. That is to say, we think that the appellant herein to obtain relief does not need to show "plain reversible error in his trial" but that the shoe is on the other foot and that to defeat relief the Government must show that appellate relief would be futile.

Having filed a timely motion, and the Government having failed to defeat it by showing the futility of appellate relief, the applicant for relief such as this comes to the steepest pitch in his path to relief—proof of his assertion—for accusations are far easier made than proved. He must show to the satisfaction of the trial court that he did not voluntarily, knowingly and intelligently forego his right to appeal but that he lost his right by deception practiced upon him by his counsel.

As lawyers we are not unaware of the general tendency of unsuccessful litigants to blame their counsel

for their misfortune. Nor as judges of an inferior federal court are we by any means unaware of the proclivity of prisoners to grasp at straws to escape incarceration, even temporarily, or even to enjoy a change of scene by being brought back at government expense to the court which imposed the sentence for a hearing on a motion under § 2255. However, the allegation raises an issue of fact and when the issue arises, as it does in this case, for we are not prepared to say either that the appellant's motion was untimely as a matter of law or that an appeal would be futile,[5] the issue must be resolved after a full and fair hearing. What form hearings of the sort required should take will depend upon the varying circumstances of particular cases. We shall not undertake to give specific directions except to suggest that in all probability counsel should ordinarily be appointed for the petitioner for relief unless, with knowledge that he can have counsel without cost, he prefers to proceed *pro se*. We express no opinion as to whether the petitioner should be returned for hearing [6] or whether his affidavit or deposition and those of his trial counsel would be enough. Perhaps in some circumstances even a report made after thorough and conscientious investigation by counsel appearing as advocate for the prisoner that there was no substance whatever in the prisoner's accusation might suffice. We say with the court in Dodd v. United States, 321 F.2d 240, 246 (C.A.9, 1963), that: "We are confident the trial judge at the hearing will fully explore all contentions of the appellant, permit amendments to the petition if requested, take such testimony as is needed, make findings of fact and conclusions of law and render a decision which, if adverse to the petitioner, will give finality

to the criminal judgment; and if in the petitioner's favor will afford proper relief."

In appeal number 6135 judgment will be entered reversing the order of the District Court and remanding the case to that Court for further consistent proceedings.

Judgment will be entered dismissing appeal number 6218 for lack of appellate jurisdiction.

---

5. At this stage in the litigation we shall not express any opinion on the merits of the contentions briefed and argued on this appeal. The time to do so will arise if and when the appellant has established his right to appellate relief by proving that he was deceived by his counsel.

6. A mere appropriate allegation will not necessarily suffice to assure a prisoner transportation at government expense to the court in which he was sentenced.