William R. MORRISSEY, Petitioner,

v.

Palmer C. SCAFATI, Superintendent, Massachusetts Correctional Institution, Walpole, Mass.

Civ. Misc. No. 67-7.

United States District Court
D. Massachusetts.

Sept. 11, 1967.

3. 1964 U.S.Code Cong. & Ad.News p. 3783.

in the custody of respondent under concurrent sentences imposed on him in the Superior Court, Suffolk County, Commonwealth of Massachusetts, on February 1, 1966, upon his conviction in that court of manslaughter and unlawfully carrying a firearm.

The petitioner appealed these judgments of conviction to the Supreme Judicial Court of Massachusetts, which affirmed, in an opinion handed down on January 4, 1967, Commonwealth v. Morrissey, 222. A.2d 755. He did not seek a writ of certiorari in the United States Supreme Court.

The petition recites:

"The only issue presented on this application is whether, under the guarantees afforded to relator by the Fourteenth Amendment to the Constitution of the United States, relator was and is being deprived of his liberty without due process of law."

Other portions of the petition indicate that the claimed denial of due process consists of three contentions, (1) illegal arrest without probable cause or an arrest warrant, (2) denial of his right to counsel, and (3) the use of an allegedly involuntary statement of defendant at trial.

The matter came before the Court upon the basis of respondent's motion to dismiss. At the hearing on this motion the stenographic transcript of the entire trial in the Massachusetts Superior Court was filed. This includes the hearing held on January 28, 1966 on a motion to suppress, the evidence and charge to the jury at the trial, and a *voir dire* examination conducted during the trial on the issue of voluntariness of defendant's statement to Lieutenant Edward F. Sherry of the Boston Police Department. In addition, counsel for petitioner filed a document captioned "Summary of Record and Assignment of Errors," and a copy of the opinion of the Massachusetts Supreme Judicial Court..

An examination of the transcript makes it abundantly clear that

Michael A. Molloy, Boston, Mass., for petitioner.

Elliot L. Richardson, Atty. Gen., Commonwealth of Mass., Willie J. Davis, Asst. Atty. Gen., Criminal Division, Boston, Mass., for respondent.

## OPINION

CAFFREY, District Judge.

This is a petition for a writ of habeas corpus brought by William R. Morrissey, an inmate of the Massachusetts Correctional Institution at Walpole, against Palmer C. Scafati, Superintendent of the Institution. Petitioner is now

at the time petitioner was arrested without a warrant the Police investigating this homicide had been informed by two eyewitnesses to the shooting that petitioner fired the gun which killed the decedent Dennis Mahoney. In addition it appears that one O'Brien, who represented himself to be a friend of the defendant, made an appointment with the police officers for defendant to voluntarily surrender himself to the police at a certain place for arrest on this charge, and defendant did so surrender himself.

I rule that the arresting officers had probable cause to believe that petitioner had committed an unlawful homicide and that their arrest of him by arrangement through his emissary was legal.

With regard to petitioner's claim that his rights to counsel were denied, the transcript indicates that Police Lieutenant Sherry advised him at the outset of the interview:

"I am going to ask you some questions concerning the shooting of one Dennis Mahoney some time Saturday night, October 10. You don't have to answer any of my questions. You understand that?"

and that petitioner answered: "I will answer them."

The transcript continues:

"The questions I ask you and the answers you give me will be testified to in court in the event you become a defendant. Do you understand that?"

Answer: "Yes."

"In all probability you will become a defendant in this case. You are also entitled to have an attorney here if you wish. Do you understand that?"

Answer: "Yes."

"Do you want to have an attorney here?"

Answer: "I don't have any."

"Now that you have been informed of your rights do you still desire to answer my questions?"

Answer: "Yes."

I rule that the foregoing transcript indicates that the petitioner's rights under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) were not violated, and I further rule that the requirement of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), to the effect that a defendant must be advised that if unable to afford an attorney the Court will appoint one for him, does not apply to petitioner's situation because of the Supreme Court's ruling in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), to the effect that the *Miranda* ruling is not applicable to cases tried prior to June 13, 1966. Petitioner's trial took place between January 26 and February 1, 1966.

With regard to petitioner's claim that his statement was involuntary, the transcript indicates that this is not the fact, and it further indicates that full and fair procedures were used by the Justice of the Superior Court, both in the conduct of a *voir dire* hearing in which the Court made a preliminary finding that the statements were voluntary and free from coercion, threats, trickery or promises, and also in submitting the issue of voluntariness to the jury under a proper instruction. The procedure followed in the State court trial of petitioner is in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

I am satisfied that petitioner was afforded a full and fair hearing in the State court, which resulted in reliable findings, and I accept the facts as found in that hearing on the basis of the record filed herein. Townsend v. Sain, 372 U.S. 293, at 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

I rule that petitioner has failed to show any violation of any federally protected right at any stage of his arrest or trial. The respondent's motion to dismiss is allowed.