William J. **LEVENTHAL**, Petitioner, Appellant,

v.

John A. **GAVIN**, as he is Commissioner, Department of Corrections, Commonwealth of Massachusetts, Respondent, Appellee.

No. 7141.

United States Court of Appeals First Circuit.

June 11, 1968.

Herbert N. Goodwin, Brookline, Mass., upon motions and memorandum for petitioner-appellant.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This habeas corpus matter is before us on a request for a certificate of probable cause for appeal, such a certificate having been denied by the district court. Briefly, the facts are these. Petitioner was tried in the Massachusetts Superior Court for conspiracy and larceny. After conviction he allegedly wished to appeal. A bill of exceptions, however, was not seasonably filed, and after one extension the time was allowed to expire, for reasons that do not presently conclusively appear. Some months later petitioner filed a motion for new trial, alleging that a bill of exceptions was not filed because of counsel's failure to follow his instructions. This motion was denied by the Superior Court, after hearing, and petitioner appealed. The appeal was dismissed, the Supreme Judicial Court stating simply that there was no abuse of discretion because *"it could have been found* that the failure on the part of counsel to perfect the exceptions was neither due to his inadvertence or mistake nor was contrary to the desire of his client." Commonwealth v. Hamblen, 1967 Mass.A.S. 727, 734, 225 N.E.2d 911, 916 (emphasis ours). What the court meant by the italicized words does not appear. We do not know whether the trial judge expressly so found and the court meant that the evidence warranted the findings, which petitioner alleges it would not, or whether the trial judge denied the motion without making findings and the court was saying that error did not affirmatively appear.

In his petition for a writ of habeas corpus and accompanying affidavit filed in the district court, petitioner asserted that in fact counsel's failure to file a bill of exceptions, and allowing the time to lapse, was contrary to his express instructions and understanding, and that he had been denied the effective representation of counsel. The district court dismissed the petition without hearing and without an opinion. In so doing the district court, so far as its files reveal, had no record permitting it, under the rules of Townsend v. Sain, 1963, 372 U.S. 293, 310–319, 83 S.Ct. 745, 9 L.Ed. 2d 770, to find that petitioner's rights had been fully heard and determined in the state court.

 Under certain circumstances a failure to perfect an appeal may be an effective denial of counsel. See Anders v. State of California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Desmond v. United States, 1 Cir., 1964, 333 F.2d 378. The judgment of the district court must be vacated and the case remanded to that court for an evidentiary hearing. Since we cannot tell

which of numerous possibilities such a hearing may disclose, we will not attempt at this stage, particularly in the absence of argument, to rule upon the legal consequences.

The certificate of probable cause for appeal is granted, the application for leave to proceed in forma pauperis in this court for the purpose of the present appeal is granted, the clerk is instructed to docket the appeal without payment of fee, the judgment of the district court is vacated, and the cause is remanded to the district court for further proceedings consistent herewith.