**William J. LEVENTHAL, Petitioner,**

v.

**John A. GAVIN, as he is Commissioner, Department of Correction, Commonwealth of Massachusetts, Respondent.**

**Misc. Civ. No. 68–24–G.**

United States District Court, D. Massachusetts.

Dec. 3, 1968.

5. Sayles v. Graham (D. Ariz., March 17, 1969).

Julian Soshnick and Herbert N. Goodwin, Boston, Mass., for petitioner.

Willie J. Davis, Asst. Atty. Gen., Criminal Division, Boston, Mass., for respondent.

## OPINION

GARRITY, District Judge.

This case arises on the petition of William J. Leventhal for a writ of habeas corpus. Leventhal was tried in the Superior Court, Suffolk County, Massachusetts, on several indictments charging him with, in substance, larceny in excess of $100 and conspiracy. He was convicted on March 10, 1965. On May 12, 1965 he was sentenced to a term of five to seven years and is presently imprisoned. On November 12, 1965 Leven-

thal moved for a new trial, alleging that he had been deprived of his right of appeal through the mistake or inadvertence of counsel in failing to obtain an extension of time within which to file a bill of exceptions, and had thus been denied the effective assistance of counsel. Under Mass.G.L. c. 278, § 31, a bill of exceptions must be filed within twenty days after the verdict unless further time is allowed by the court. A hearing was held on December 10, 1965 and the motion was denied. On bill of exceptions from denial of the motion the Supreme Judicial Court found no error. Commonwealth v. Hamblen et al., 1967, 352 Mass. 438, 225 N.E.2d 911.

On March 1, 1968 Leventhal filed the present petition for a writ of habeas corpus. Defendant's motion to dismiss was granted without hearing and petitioner appealed. In a *per curiam* opinion, 396 F.2d 441, the Court of Appeals for the First Circuit vacated the judgment of dismissal and remanded for an evidentiary hearing to determine whether petitioner had been denied rights under the Sixth Amendment of the United States Constitution. This court held an evidentiary hearing.

### State Court Proceeding

It is provided in 28 U.S.C. § 2254(d) that a determination of a factual issue made by a state court after a hearing on the merits and evidenced by some form of "reliable and adequate written indicia" shall be presumed to be correct unless one of eight specified defects appears. In the present case we have before us a complete and official transcript of the hearing on Leventhal's motion for a new trial at which his claim now asserted here was considered. This meets the standard of reliability required by the statutory provision just cited.[1] The question arises whether the state proceeding must be denied the presumption of correctness because of one of the specified defects.

---

1. Petitioner has not disputed this conclusion. See Morrissey v. Scafati, D. Mass., 1967, 272 F.Supp. 762.

The hearing in the state court was based upon the petitioner's motion for a new trial which raised the factual question whether through the mistake or inadvertence of his trial counsel a bill of exceptions in his behalf was not timely filed. Petitioner's trial attorney had been engaged by the petitioner and had been a member of the bar for over 25 years; associated with him in representing the petitioner but not otherwise was junior counsel who had been admitted to the bar in 1961. Plaintiff's initial contention is that, in the words of 28 U.S.C. § 2254(d) (1), "the merits of the factual dispute were not resolved in the state court hearing." The court finds that they were. True, the judge made no formal findings. But these are not required by § 2254(d). The judge's determination appears in the following colloquy toward the end of the hearing:

MR. AUERBACH. The rights are gone because of failure of counsel to do something.

The COURT. I don't think it was failure of counsel at all. I am not convinced it was failure of counsel.

By stating that it was not the failure of counsel the court found implicitly that the failure was chargeable to Leventhal. In this court the petitioner has suggested that the word "counsel" is ambiguous in that it may have referred to the prosecuting attorney who, according to one of the two trial attorneys for the defendant who testified in support of the motion in the state court, undertook to file with the court a motion extending the time within which a bill of exceptions might be filed. The court rejects this contention. It is clear from the context of the state judge's remarks that in referring to "counsel" he meant counsel for the defendant. The judge who heard the motion had presided at the trial and stated during argument on the motion that the petitioner "was directing the trial" and that "he knew all the law, he knew everything; he was telling the lawyers what to to and so forth, and all that."

Petitioner also relies upon § 2254(d) (8) and has asked the court to consider the record on the motion for a new trial as a whole and to conclude that the trial judge's factual determination was not fairly supported by the record. On this issue the nature of the hearing in the state court is significant. The only witnesses called on behalf of the petitioner were the two attorneys who had represented him at the trial. Petitioner's counsel at the hearing, an attorney of over 30 years' experience at the bar, had succeeded the witnesses in representing him. The witnesses were summoned to appear without advance notice of the purpose of their testimony. As a result they did not have their files with them and testified vaguely from memory. When one of the witnesses testified, "I have quite a few papers on this, copies of papers, in my office" the prosecuting attorney asked if he wanted an opportunity to bring the papers to court, whereupon petitioner's counsel interposed, "Not unless the court would think it would be helpful." The only documentary evidence submitted was a one-sentence letter of withdrawal by prior counsel dated May 1, 1965 and addressed To Whom It May Concern. The only other evidence was the petitioner's request, which was granted, that the judge take judicial notice of the docket entries in the case. The petitioner himself did not testify although he was present in the courtroom throughout the hearing.

The lack of evidence elicited before the trial judge on the motion for a new trial was as significant as what was produced. The evidence before him related almost exclusively to the question whether trial counsel had prepared a second motion extending the time within which a bill of exceptions might be filed beyond April 26, 1965, to which date the time for filing had been extended by motion allowed on March 26. One of the trial lawyers testified that he visited the prosecuting attorney in his private law office and had obtained his assent to the motion and had left the original with him for filing with the clerk. The prosecutor made a representation to the judge in lieu of testimony that he recalled as-

senting to such a motion but not keeping the original and that as a matter of office procedure he never accepted the original of such a motion. At no point did either witness testify that the petitioner wished to appeal. This gap in the evidence was consistent with the motion, which also failed to allege that the petitioner wished to appeal. The tacit assumption at the hearings before the trial judge and in this court was that extension of the time within which to file a bill of exceptions presupposes an intention to appeal. The court disagrees. Extension of the time within which to file a bill of exceptions is not necessarily proof of an intention to appeal. It may be obtained in order to defer a decision whether or not to appeal.

Other aspects of the record as a whole before the trial judge on the petitioner's motion for a new trial also support his determination. There was no evidence that anyone had put pen to paper toward drafting a bill of exceptions previous to April 26, which was 47 days after the verdict. The trial had lasted 42 days and the transcript comprised 32 volumes. Bills of exceptions in such protracted cases do not come out of thin air. There was no indication that trial counsel had been engaged or compensated for preparation of a bill of exceptions. The motion for new trial alleged implicitly that a bill of exceptions in petitioner's behalf would have been filed within the time prescribed by the court, i. e., on or before April 26, but for the mistake or inadvertence of counsel. The evidence adduced upon hearing the motion disproved this allegation. Moreover, on March 11, the day after the verdict, the petitioner moved that the cases be treated for purposes of appeal as brought under Mass. G.L. c. 278, §§ 33A–33G, under which the defendant files assignments of error on the basis of the stenographic transcript. The judge took the motion under advisement and never ruled upon it. The petitioner did not file a claim of appeal within 20 days after verdict, March 30, as required by § 33B. Unlike the extend-

ible time limit for filing bills of exceptions, the deadline for appeals under the so-called felony appeals provisions of c. 278 may not be extended. Commonwealth v. Rodriquez, 1956, 333 Mass. 501, 131 N.E.2d 774. There was no indication that counsel requested a ruling by the trial judge on petitioner's motion under c. 278 or that they sought to file a claim of appeal under that chapter. See Commonwealth v. Dorius, 1962, 343 Mass. 533, 535, 179 N.E.2d 885. On the other hand, between the time of the verdict on March 10 and sentencing on May 12, 1965, petitioner's trial counsel endeavored to settle related civil actions brought by victims of the larcenies for which the petitioner was convicted. If the judge were aware of these efforts— and it appears very likely that he was— this further supported his factual determination. Lastly, the trial judge observed the defendant throughout the long trial and noted his propensity to interfere with his lawyer's conduct of the trial and to control the case himself.

The petitioner has also urged under § 2254(d) (3) that the material facts were not adequately developed at the state court hearing. To whatever extent this may be so, it was, in the court's opinion, attributable to the inexcusable default of the petitioner. As stated in Townsend v. Sain, 1963, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 which occasioned enactment of § 2254 (d), "The standard of inexcusable default set down in Fay v. Noia [372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837] adequately protects the legitimate state interest in orderly criminal procedure, for it does not sanction needless piecemeal presentation of constitutional claims in the form of deliberate by-passing of state procedures." Throughout the hearing on the motion for a new trial the petitioner sat in the courtroom. By December 10, 1965, when the motion for a new trial was heard, his new attorney had had an opportunity to investigate every aspect of the situation. His new attorney had represented him at and aft-

er the sentencing and had learned all circumstances bearing upon the omission to file a bill of exceptions.

■ The court rules that the trial judge's finding, that failure to file the bill of exceptions on time was not due to trial counsel's mistake or inadvertence, was fairly supported by the record as a whole and that none of the eight subdivisions of § 2254(d) is applicable and that the factual determination by the state court is presumptively correct.

### Federal Court Proceedings

At the evidentiary hearing in this court, at which petitioner was represented by a third attorney, the facts were developed more fully chiefly because Leventhal testified and his trial attorneys were asked to bring their diaries with them. The petitioner did not overcome the presumed correctness of the trial judge's factual determination, but did establish that he had instructed trial counsel to prepare his appeal and protect his rights on appeal; that as a result of his final conference with trial counsel on April 23, when they told him they would no longer represent him, he believed that the time within which to file a bill of exceptions had been extended until May 26 on motion by trial counsel; and that he did not become aware until June 1 or 2 of trial counsel's failure to move for an extension of time beyond April 26.

The evidence in this court also showed the following facts in addition to those recounted *supra* in describing the state court proceedings. On April 23 trial counsel told the petitioner that they would perform no further services for him and he undertook to retain new counsel for purposes of appeal. His new attorney filed an appearance on May 5, and trial counsel on May 6 saw the judge and sought leave to withdraw. The judge requested that they remain in the case as counsel until after sentencing and they did so. Petitioner's new counsel represented the petitioner at the sentencing on May 12. On May 17 he requested and was granted by the trial judge leave to appeal to the Appellate Division for a reduction of the petitioner's sentence of from five to seven years. Between May 20 and 24 petitioner's new attorney reviewed the court docket and learned for the first time that time for filing a bill of exceptions had not been extended beyond April 26. Petitioner's new attorney did not draft a bill of exceptions during May. The first formal action taken by him with regard to a bill of exceptions came on September 24, when he filed a motion to extend the time for filing a bill of exceptions to and including November 1, which motion was allowed by the trial judge only to be revoked after the bill of exceptions was filed on October 26. Meanwhile, petitioner's new attorney conferred with the trial judge "maybe a half dozen times" about the possibility of the petitioner's family coming forward with funds with which to settle related civil suits, which was accomplished.

### Conclusions of Law

■ The court concludes that the petitioner has not shown that he has been denied the effective assistance of counsel in violation of the Fourteenth Amendment. The instant case is distinguishable from Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, where an indigent defendant had been forced to prosecute his appeal *pro se* and his request for appointment of counsel had been denied. Here the petitioner was at all times represented by experienced counsel of his own selection. Loss of his appellate rights was not occasioned by his indigency. Cf. United States ex rel. Maselli v. Reincke, 2 Cir., 1967, 383 F.2d 129, 134. This case is also unlike Desmond v. United States, 1 Cir., 1964, 333 F.2d 378, where a federal prisoner had been effectively deprived of his right to appeal by deception practiced upon him by his court-appointed counsel. Here the petitioner had himself been reviewing the trial transcript, designat-

ing portions where he believed the trial judge had made remarks prejudicial to him, and knew that a bill of exceptions had not been prepared. It is apparent, and crucial, that during April and May 1965 the petitioner was not interested in having a bill of exceptions filed on his behalf but in preserving an option to file a bill of exceptions whenever it might become advantageous for him to do so. The petitioner sought to avoid the considerable cost of preparing and filing a bill of exceptions by moving under Mass.G.L. c. 278, §§ 33A-33G, that an appeal be processed on the basis of the stenographic transcript. His new attorney continued the efforts begun by trial counsel to effect a settlement of related civil liabilities for the purpose of minimizing his crimnal liabilty, with respect to which an appeal to reduce sentence was pending.

His new attorney did not review the pleadings and docket entries until between May 20 and 24; and it is perfectly plain that a bill of exceptions would not have been filed by May 26, 77 days after verdict, even if trial counsel had obtained an extension to that date. Thus what petitioner lost by reason of trial counsel's neglect was not the opportunity to file a bill of exceptions but rather the opportunity to seek a further extension of time beyond May 26, a matter altogether within the trial judge's discretion. Mass.G.L. c. 278, § 31.

Furthermore, petitioner himself learned on June 1 or 2 of trial counsel's failure to obtain an extension of time beyond April 26 but delayed over five months before filing a motion for new trial on that ground on November 12. As stated in the *Desmond* case, at 381:

It will not even do for a prisoner to wait any longer than is reasonably necessary to prepare appropriate moving papers, however inartistic, after discovery of the deception practiced upon him by his attorney, for otherwise the strong public policy favoring prompt appeals in criminal cases would be frustrated.

Thus, in addition to its principal conclusions that the petitioner was not deceived by his attorneys and was prejudiced by their neglect only to the extent that he lost an opportunity to seek discretionary relief, the court also concludes that he delayed longer than reasonably necessary in claiming deception by his attorneys. No explicit claim of deception was ever advanced by the petitioner in the state courts. Allowance of the petition under the circumstances of this case would, in the court's opinion, frustrate "the strong public policy favoring prompt appeals in criminal cases."

The petition for habeas corpus is denied.