COMMONWEALTH *vs.* WILLIAM J. LEVENTHAL.

Suffolk.    January 9, 1974. — March 5, 1974.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Practice, Criminal,* New trial, Disqualification of judge; Remark by judge; Exceptions: Failure to save exception. *Constitutional Law,* Impartial tribunal. *Judge.*

There was no abuse of discretion in denial of a motion by the defendant in a criminal case to have the trial judge disqualify himself from hearing a motion by the defendant for a new trial on the asserted grounds that the judge had not disclosed an "intimate relationship" between him and the chief prosecution witness, had made prejudicial remarks during the trial, and during the trial had been sued by the defendant in a civil case still pending. [721-722]

Remarks of the judge during a criminal trial, which may have been more happily phrased, did not prejudice the jury against the defendant, but even if they had, the defendant, who took no exception to them at the trial and who allowed the time for claiming an appeal or filing a bill of

exceptions to expire, waived his rights with respect to them. [723-724]

The defendant in a criminal case was not deprived of a fair trial where it appeared that the judge revealed to the defendant's counsel prior to trial that he knew a prosecution witness and raised the question whether he should disqualify himself, but counsel did not ask the judge to disqualify himself, and that the judge had forgotten and did not mention that nearly thirty-five years earlier the witness had attended a bar review course conducted by the judge and had received a letter of recommendation for the bar written by the judge. [724-726]

INDICTMENT found and returned in the Superior Court on June 8, 1964.

A motion for a new trial and a motion to disqualify were heard by *Forte, J.*

*Seth Shenfield (Robert S. Cohen* with him) for the defendant.

*Murray P. Reiser (Thaddeus R. Beal, Jr.,* Special Assistant District Attorney, with him) for the Commonwealth.

BRAUCHER, J. In 1965 the defendant and a codefendant, Hamblen, were convicted by a jury of numerous counts of larceny and related crimes, and their exceptions were later overruled by this court. *Commonwealth* v. *Hamblen,* 352 Mass. 438 (1967). In 1972, having served the sentences imposed, the defendant moved for a new trial, asserting bias on the part of the trial judge. The judge denied without prejudice a motion that he disqualify himself, and after hearing denied the motion for a new trial, and the defendant appeals under G. L. c. 278, §§ 33A-33G. We affirm.

The charges against the defendant related to unauthorized loans made by him on behalf of American Discount Corporation (ADC) during the period from March, 1960, to November, 1962. The loans were made to Hamblen's corporation and were almost always in amounts under $5,000, but by the end of 1963 the excess of loans over payments amounted to more than $400,000. Indictments were returned in 1964, and the trial occupied thirty-three trial days in 1965, culminating in verdicts of guilty on March 10, 1965. The codefendant filed a timely bill of exceptions, but the defendant, after obtaining an extension of time until April 26,

1965, allowed that date to pass without either filing a bill of exceptions or moving for a further extension. On May 12, 1965, the defendant was sentenced to imprisonment for five to seven years. Subsequently, he filed a motion for a new trial on the ground that he had been deprived of his right to review of exceptions through the mistake or inadvertence of counsel. In December, 1965, that motion was denied after an evidentiary hearing and we held that there was no error, since "it could have been found that the failure on the part of counsel to perfect the exceptions was neither due to his inadvertence or mistake nor was contrary to the desire of his client." 352 Mass. at 446.

Thereafter the defendant sought habeas corpus in the Federal courts. *Leventhal* v. *Gavin,* 396 F. 2d 441 (1st Cir. 1968), on remand 309 F. Supp. 197 (D. Mass. 1968), affd. 421 F. 2d 270 (1st Cir. 1970), cert. den. 398 U. S. 941 (1970). The United States District Court held a new evidentiary hearing and concluded (309 F. Supp. at 201-202) that the defendant had not shown that he had been "denied the effective assistance of counsel in violation of the Fourteenth Amendment." He "had himself been reviewing the trial transcript, designating portions where he believed the trial judge had made remarks prejudicial to him, and knew that a bill of exceptions had not been prepared." He "was not interested in having a bill of exceptions filed on his behalf but in preserving an option to file a bill of exceptions whenever it might become advantageous for him to do so. . . . His new attorney continued the efforts begun by trial counsel to effect a settlement of related civil liabilities[1] for the purpose of minimizing his criminal liability, with respect to which an appeal to reduce sentence was pending." The Court of Appeals affirmed a judgment dismissing the petition on the merits.

In October, 1970, the defendant filed a petition for a writ

[1]For civil litigation arising out of the matters at issue in the defendant's criminal prosecution, see, e.g., *American Discount Corp.* v. *Leventhal,* 357 Mass. 775 (1970); *American Discount Corp.* v. *Leventhal,* 357 Mass. 776 (1970); *Leventhal* v. *Dockser,* 358 Mass. 799 (1970); *Leventhal* v. *Dockser,* 361 Mass. 894 (1972); *Leventhal* v. *American Discount Corp.* 362 Mass. 855 (1972).

of error. A demurrer to the petition as amended was sustained by a single justice of this court, and a motion for further amendment was denied. Proceedings on a new writ of error were stayed pending the filing and disposition of a motion for a new trial in the Superior Court. Compare *Earl* v. *Commonwealth,* 356 Mass. 181, 184 (1969).

Such a motion was filed in August, 1972, and the defendant later moved to disqualify the trial judge from hearing the motion for a new trial. On December 1, 1972, the judge denied without prejudice the motion that he disqualify himself, and after an evidentiary hearing denied the motion for a new trial. The defendant argues each of his three assignments of error, and we consider them separately.

1. *Disqualification.* The motion that the judge disqualify himself from hearing the motion for a new trial was based on the fact that the reasons assigned for a new trial involved (1) nondisclosure of an "intimate relationship" between the trial judge and a chief prosecution witness and (2) prejudicial remarks by the judge during the trial, displaying to the jury the judge's belief in the defendant's guilt. In oral argument on the motion to disqualify, counsel also asserted that the judge was then the subject of a civil suit brought in the Federal District Court by the defendant against the judge.

The defendant "rightly urges with emphasis the high importance of constant observance of the principle embodied in art. 29 of our Declaration of Rights that judges ought to be as 'free, impartial, and independent as the lot of humanity will admit.' A rigid adherence to that principle is essential to the maintenance of free institutions. It has been strictly upheld by decisions of this court." *Thomajanian* v. *Odabshian,* 272 Mass. 19, 23 (1930). See S.J.C. Rule 3:25, Canon 3C (1) (1972), 359 Mass. 844; *King* v. *Grace,* 293 Mass. 244, 246-247 (1936); note, 86 Harv. L. Rev. 736, 754-757 (1973).

A lawsuit pending between a judge and a party may be good cause for recusation, but a party cannot disqualify a judge to sit in his case by bringing an action against him after the principal suit is commenced. See *Moses* v. *Julian,* 45 N. H. 52, 57 (1863); *Thomajanian* v. *Odabshian, supra,* at

24. Nor is a judge disqualified because he is made a formal party as a method of seeking review of his rulings; to be disqualifying, the bias and prejudice must rise from an extra-judicial source and not from something learned from participation in the case. *Kennedy* v. *Justice of the Dist. Court of Dukes County,* 356 Mass. 367, 379 (1969). See note, 86 Harv. L. Rev. 736, 763, n. 116 (1973). Compare S.J.C. Rule 3:25, Canon 3C (1) (a) (1972), 359 Mass. 844. Assuming without deciding that the alleged Federal litigation has been properly brought to our attention, we do not think it has been shown to be disqualifying.

We turn to the effect on disqualification of the issues raised by the motion for a new trial. "In the continuation of a single proceeding, as on a motion for new trial, important considerations suggest that the hearing should be before the original judge." *Halliday* v. *United States,* 380 F. 2d 270, 272 (1st Cir. 1967). Compare *Earl* v. *Commonwealth,* 356 Mass. 181, 183 (1969); *Commonwealth* v. *Penrose,* 363 Mass. 677, 680 (1973). Those considerations are particularly strong where, as here, a protracted trial has been followed by numerous proceedings in different courts over a period of years. We assume that a judge thus called upon to reëxamine an issue should keep his mind "open to the truth and susceptible to every right influence flowing from the evidence." *Dittemore* v. *Dickey,* 249 Mass. 95, 100 (1924). See *Preston* v. *Peck,* 279 Mass. 16, 19 (1932); note, 48 Ore. L. Rev. 311, 333-334 (1969). Compare *Williams* v. *Robinson,* 6 Cush. 333, 335 (1850). "The fact that the judge went forward with the hearing in the circumstances disclosed was a most unequivocal assertion that on his own conscience there was no disqualification." *King* v. *Grace, supra,* 293 Mass. 244, 247 (1936). Compare *Ungar* v. *Sarafite,* 376 U. S. 575, 584 (1964); *Panico* v. *United States,* 412 F. 2d 1151, 1156 (2d Cir. 1969), cert. den. 397 U. S. 921 (1970); *United States* v. *Parker,* 447 F. 2d 826, 829 (7th Cir. 1971). We see no abuse of discretion in his refusal to disqualify himself.

The judge denied the motion to disqualify "without prejudice, which means you have a right to make the same mo-

tion and give the same argument before any other judge in my court.'' In oral argument before us, counsel for the defendant asserted that all the relevant evidence is before us and that, rather than order a hearing before another judge of the Superior Court, we should ourselves decide whether the defendant is entitled to a new trial. In the interest both of assuring an impartial determination and of judicial economy and efficiency, we have decided to adopt this course.

2. *Prejudicial remarks at trial.* The defendant claims that he was deprived of a fair trial, in violation of the Fourteenth Amendment to the Constitution of the United States and of arts. 11, 12 and 29 of our Declaration of Rights, by prejudicial remarks displaying to the jury the judge's belief in the defendant's guilt. In denying the motion for a new trial, the judge said he was satisfied that the defendant did get a fair trial. Apparently that was the first ruling on the merits of this claim, and we have reviewed the transcript of more than 3,500 pages, giving particular attention to the nearly 100 pages specified by the defendant, to arrive at an independent judgment.

The transcript fully supports the following description given by the judge in ruling on the motion. There was an abundance of evidence that the defendant disposed of hundreds of thousands of dollars belonging to himself, his father, his mother, and his father's friends as stockholders of ADC. According to the testimony of the codefendant, who was probably the most important witness, this was intentionally done on false documents, known by the defendant to be false. There was no real evidence of innocence, but there was also no showing of a motive; apparently the defendant received no benefit from the transactions.

In the course of the trial the judge often made comments in explanation of his rulings, and on several occasions he asked questions of the defendant, who testified at length. As the judge noted, he several times used such a phrase as, ''That doesn't give a person a license to steal.'' In context, as the judge explained, he was saying that the matter in question was extraneous to the charges of larceny. While some

of his comments and questions could have been more happily phrased, we do not think they went beyond permissible limits or displayed bias or a belief in the defendant's guilt. See *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 226-229 (1967); *Commonwealth* v. *French,* 357 Mass. 356, 394-395 (1970); *Commonwealth* v. *Kelley,* 359 Mass. 77, 95 (1971); *Commonwealth* v. *Haley,* 363 Mass. 513, 518-522 (1973). In his instructions to the jury, the judge explicitly cautioned them: "[I]f at any time you have sensed or guessed or divined any hint as to what I think of this witness or that witness, or this person or that person, with all seriousness, I admonish you to perish the thought." We think the trial was fair.

But if we took a contrary view of the judge's remarks, it would not affect the disposition of this case. The defendant took no exceptions to those remarks at the trial. He was aware soon after the trial that they might bear on appellate review of his conviction and that there was a need to claim an appeal or file a bill of exceptions, but he allowed the time to expire. He then filed his motion for a new trial and brought exceptions to this court, all without making it known that he claimed error with respect to the judge's remarks. *Commonwealth* v. *Hamblen,* 352 Mass. 438, 445, n. 4 (1967). He has now served his sentences, and it would be difficult for the Commonwealth to justify the effort and expense of a new trial. In the circumstances, he has waived his right to raise the constitutional question. *Commonwealth* v. *Underwood,* 358 Mass. 506, 509-512 (1970).

3. *Relationship between the judge and a prosecution witness.* There remains the defendant's contention that he was deprived of a fair trial by the existence of and the trial judge's denial of "an intimate relationship" between the judge and Frank Palumbo, "a chief prosecution witness." On July 16, 1930, nearly thirty-five years before the trial, the judge had written a letter recommending that Mr. Palumbo be admitted to the Massachusetts bar, and later that year the judge certified that Mr. Palumbo had attended a bar review course conducted by the judge. Mr. Palumbo was an officer, director and stockholder of ADC, and was known to the

judge as a brother-in-law of a former office associate. At a conference with counsel in September, 1964, several months before the 1965 trial, the judge said that he knew Mr. Palumbo and that Mr. Palumbo was involved in the pending cases, and raised the question whether he should disqualify himself. Counsel for the defendant told the judge he had no reason to urge disqualification. The defendant was not present at the conference, but after the meeting counsel told him what had taken place.

The judge did not remember and did not mention the facts that Mr. Palumbo had been a student of his and that he had written the letter of recommendation and signed the certificate. The defendant claims that he learned these facts in 1970, after his release from prison. The judge had been giving his bar review course for more than 40 years, and thousands of members of the bar had been his students.

Mr. Palumbo was not the most important prosecution witness, but he was a witness and a stockholder in the corporate victim of the crimes charged. He and the judge were former student and former teacher, fellow members of the bar, acquaintances. The relationship was not "intimate." It did not require disqualification of the judge unless in the circumstances the impartiality of the judge might reasonably be questioned. S.J.C. Rule 3:25, Canon 3C (1) (1972), 359 Mass. 844. See *Hall* v. *Thayer,* 105 Mass. 219, 221-222 (1870); Frank, Disqualification of Judges, 56 Yale L. J. 605, 615-624 (1947); note, 86 Harv. L. Rev. 736, 745, 755 (1973). In such a situation much must be left to the sound judgment of the judge himself. See *King* v. *Grace,* 293 Mass. 244, 247 (1936).

The judge was under no obligation to make any disclosure to counsel unless he thought his impartiality might reasonably be questioned. Compare S.J.C. Rule 3:25, Canon 3D (1972), 359 Mass. 846. Perhaps out of an abundance of caution, he did raise the question of disqualification. He could not disclose what he did not remember. Counsel decided not to ask for disqualification, and the defendant apparently accepted that decision. The judge was not the trier of fact, and

the transcript of Mr. Palumbo's testimony discloses no lack of impartiality. We think the argument that a forgotten thirty-five year old letter of recommendation changes the entire picture borders on the frivolous.

*Judgments affirmed.*