Fremont-Smith, J.
The defendants were convicted in 1987 of multiple charges of rape of a child and indecent assault and batteiy on a child. In August, 1995, I allowed the defendants’ motion for a new trial on the ground that they were deprived of their right under Article 12 of the Massachusetts Declaration of Rights to a face-to-face confrontation of the witnesses against them. 4 Mass. L. Rptr. No. 12, 245 (October 30, 1995). On March 24, 1997, the Supreme Judicial Court vacated my order. Commonwealth v. Amirault, 424 Mass. 618 (1997).
Now before me is the Commonwealth’s motion to revoke bail upon issuance of rescript, the defendants’ second motion for a new trial on the ground that they were denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article 12 of the Massachusetts Declaration of Rights, and the defendants’ motion for bail pending disposition of second motion for new trial.
DISCUSSION
The Supreme Judicial Court agreed that there is “no doubt that the seating arrangements . . . violated the confrontation rights of the accused under art. 12.” Amirault, supra at 632. The Court nevertheless vacated my order of a new trial, based on the defendants’ constitutionally deficient trial, on other grounds.
I have spoken by my order on the defendants’ first motion for a new trial and I maintain that whether a death sentence or one-day deprivation of liberty is imposed, the judicial process itself must be constitutionally correct. As I stated in my order of a new trial, “(t]he Constitution and the rights it affords are fundamental and should be upheld despite any intervening factors.”
Although not affirmed, I believe I am right. These women did not receive a fair trial and justice was not done. “[A] substantial risk of a miscarriage of justice has been established.” Amirault, supra at 660 (O’Connor, J., dissenting).
“It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit.” Mass. Const., Part I, Art. 12. See *726 Commonwealth v. Leventhal, 364 Mass. 718, 721 (1974). “A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . S.J.C. Rule 3:09, Canon 3(C)(1), 359 Mass. 841 (1972). When faced with “a question of his capacity to rule fairly, the judge [must] consult first his own emotions and conscience. If he passed the internal test of freedom from disabling prejudice, he must next attempt an objective appraisal of whether this was ‘a proceeding in which his impartiality might reasonably be questioned.’ ” Lena v. Commonwealth, 369 Mass. 571, 575 (1976). In light of my appraisal of my conscience and my objective analysis of the matter, and divorced of any personal conviction as to the defendants’ guilt or innocence, I believe that I cannot be fair and impartial in considering the three motions before this court.
I therefore recuse myself from this matter.