MOORE, Judge,
dissenting.
I conclude that Robert O. Price Ill’s motion for relief from judgment filed pursuant to Rule 60(b)(6), Ala. R. Civ. P., which was treated as a motion for recusal of the trial judge, presented substantial evidence of circumstances in which the trial judge’s impartiality might reasonably be questioned. I also conclude that the trial court had no evidence before it to justify its legal conclusions. I, therefore, respectfully dissent.
I recognize that the commentary to Canon 2, Alabama Canons of Judicial Ethics, permits trial judges to write letters of recommendation on behalf of persons known to them. However, that commentary seems to relate solely to whether writing such a letter violates the rule against lending the prestige of the judicial office to advance the private interests of others. See Canon 2.C., Alabama Canons of Judicial Ethics. The commentary goes on to state that a letter of recommendation should not be written if the recipient “likely ... will be engaged in proceedings that *381 would ordinarily come before the court.” The canon more apt to this case is Canon 3.C., which deals with disqualification of judges and provides, in pertinent part:
“(1) A judge should disqualify himself in a proceeding in which ... his impartiality might reasonably be questioned, including but not limited to instances where:
“(1) He has a personal bias or prejudice concerning a party .... ”
Canon 3.C., Alabama Canons of Judicial Ethics.
“Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when ‘facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.’ Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982). Specifically, the Canon 3(C) test is: ‘Would a person of ordinary prudence in the judge’s position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge’s impartiality?’ Matter of Sheffield, 465 So.2d 350, 356 (Ala.1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality— whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala.1987); see also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir.1983).”
Ex parte Duncan, 638 So.2d 1332, 1334 (Ala.1994).
My research has not uncovered any case, in Alabama or otherwise, applying Canon 3.C. or a comparable ethics rule from another jurisdiction to facts similar to the facts present in this case. However, in Commonwealth v. Leventhal, 364 Mass. 718, 307 N.E.2d 839 (1974), a criminal defendant, six years after his conviction, moved for a new trial, asserting bias on the part of the trial judge; the defendant also moved the trial judge to disqualify himself. The trial judge denied the motion to disqualify and, after a hearing, denied the motion for a new trial. The defendant appealed. 364 Mass. at 718, 307 N.E.2d at 840.
On appeal, the Massachusetts Supreme Court affirmed. In reviewing the evidence, the court noted that, before the trial, the trial judge had disclosed his acquaintance with a prosecution witness to the defendant’s lawyer. Although the defendant was not present for that discussion, the lawyer had shared that information with the defendant. No motion for disqualification was made at that time. 364 Mass. at 725, 307 N.E.2d at 843.
The Massachusetts Supreme Court also noted that, 35 years before the trial, the trial judge had written a letter recommending that the prosecution witness be admitted to the Massachusetts bar and that, later that same year, the trial judge had certified that the witness had attended a bar-review course conducted by the trial judge. The trial judge had not disclosed those facts during the defendant’s trial because he had not remembered that he had written the letter of recommendation or that he had signed the certificate of attendance on behalf of the witness. 364 Mass. at 724-25, 307 N.E.2d at 843.
In rejecting the claim that the judge’s failure to disclose those facts had denied the defendant a fair trial, the Massachusetts Supreme Court stated:
“The judge was under no obligation to make any disclosure to counsel unless he thought his impartiality might reasonably be questioned. Perhaps out of an abundance of caution, he did raise the question of disqualification. He could *382 not disclose what he did not remember. Counsel decided not to ask for disqualification, and the defendant apparently accepted that decision. The judge was not the trier of fact, and the transcript of [the witness’s] testimony discloses no lack of impartiality. We think the argument that a forgotten thirty-five year old letter of recommendation changes the entire picture borders on the frivolous.”
364 Mass. at 725-26, 307 N.E.2d at 844 (citation omitted). For those reasons, the Massachusetts Supreme Court affirmed the trial court’s denial of the motion for a new trial and the denial of the motion to disqualify himself.
The facts of Commonwealth v. Leventhal, supra, and this case are sufficiently distinct as to require a different result. In Commonwealth, the challenged relationship involved the judge and a witness, whereas, in this case, the challenged relationship involves a trial judge and a party. In Commonwealth, the jury was the trier of fact, whereas, in this case, the trial judge served as the sole trier of fact. Further, in Commonwealth, the letter of recommendation at issue had been signed 35 years earlier, whereas the affidavit in this case was only a few months old at the time Clayton filed his complaint. The letter in Commonwealth was based on the judge’s brief student-teacher relationship with a bar applicant forged in a bar-review course, whereas, in this case, the judge acknowledged he had known Clayton for years in an extrajudicial capacity. In Commonwealth, the issues addressed in the trial judge’s affidavit were completely unrelated to the issues presented at the defendant’s trial, whereas, in this case, the statements addressed in the trial judge’s affidavit — Clayton’s character and fitness to sit for the Alabama Bar — potentially overlapped with the allegations made in Clayton’s complaint' — whether Price’s email message sent to the National Guard, to the law school, and to the Alabama Bar had defamed Clayton and damaged his chances of sitting for the Alabama Bar examination. Thus, the appearance of bias in this case was much stronger than that presented in Commonwealth, supra.
I find this case to be substantially similar to Acromag-Viking v. Blalock, 420 So.2d 60 (Ala.1982). In that case, Acro-mag-Viking, the plaintiff, produced evidence indicating that, at the time of the trial, the trial judge had been a member of the defendant’s board of directors and presumably had a personal relationship with the defendant. 420 So.2d at 61. Acro-mag-Viking filed a motion, pursuant to Rule 60(b)(6), Ala. R. Civ. P., requesting that the trial court vacate the judgment previously entered in favor of the defendant and requesting that the trial court grant a new trial. Acromag-Viking also sought the recusal of the trial judge. Id. The trial judge denied those motions, and Acromag-Viking appealed. Id.
On appeal, the Alabama Supreme Court reversed the trial court’s judgment denying Acromag-Viking’s motions, stating:
“The Alabama Court of Civil Appeals has held that recusal is required where facts are shown which make it reasonable for members of the public, or a party, or counsel opposed to question the impartiality of the judge. Miller v. Miller, 385 So.2d 54, 55 (Ala.Civ.App.1980); Wallace v. Wallace, 352 So.2d 1376, 1379 (Ala.Civ.App.1977)....
“... In view of the facts of this case, the trial judge’s failure to recuse himself constitutes an ‘exceptional circumstance,’ Textron, Inc. v. Whitfield, 380 So.2d [259,] at 260 [ (Ala.1979) ], justifying Acromag’s 60(b)(6) request. Therefore, the trial judge’s failure to grant *383 Acromag’s motion is, in this instance, an abuse of discretion.
“Because this ease was heard without a jury, the trial judge was required to exercise fair and impartial judgment in determining whether Marketing was actually a corporation. The Court concludes from the facts presented that there were substantial facts for Acro-mag to question the trial judge’s impartiality. Therefore, we rule that the trial judge committed reversible error in failing to recuse himself, and we remand this case for a new trial.”
Acromag-Viking v. Blalock, 420 So.2d at 61-62.
As in Acromag-Viking, Clayton’s claims against Price in the underlying trial were heard without a jury. As a result, the trial judge was required to determine, in the exercise of fair and impartial judgment, whether Price’s alleged actions constituted, among other things, defamation and, as a result, damaged Clayton’s reputation. A reasonable inference to be drawn from the trial transcript is that, at trial, the parties questioned whether Clayton had been required to unnecessarily appear before the Alabama Bar’s Character and Fitness Committee as a result of Price’s alleged actions.
Also like in Acromag-Viking, Price presented evidence tending to indicate that the trial judge and Clayton had a longstanding and favorable relationship at the time the complaint was filed. According to the judge’s sworn affidavit, he had known Clayton for years at the time he filed that affidavit, and he recommended Clayton “wholeheartedly” for admission to the Alabama Bar. A reasonable person could question the impartiality of the trial judge based on the contents of the trial judge’s affidavit, the date of its execution, the date of the trial, and the issues considered at trial.
Further, the trial judge’s stated reason that he did not remember signing the affidavit for Clayton did not present a valid basis for denying Price’s Rule 60(b) motion. Presumably, by stating that he did not recall the affidavit, the trial judge intended to convey that he did not have a close personal relationship with Clayton or that the relationship did not influence his decisions during the trial. However, “ ‘[t]he question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality — whether there is an appearance of impropriety.’ ” Ex parte City of Dothan Pers. Bd., 831 So.2d 1, 5-6 (Ala.2002) (quoting Ex parte Duncan, 638 So.2d at 1334). Thus, the mere fact that the trial judge did not recall the affidavit is irrelevant to the ultimate determination of whether he should have recused himself.
That said, a party cannot proceed with a trial with full knowledge of a basis for recusal and then file a motion seeking the recusal of the judge and to vacate an adverse judgment. See Jones v. Kassouf & Co., 949 So.2d 136 (Ala.2006) (Parker, J„ statement of nonrecusal). The main opinion essentially concludes that Price did exactly that, and that, therefore, his Rule 60(b) motion was filed untimely.
I cannot, however, agree with the conclusion that Price had knowledge of the affidavit before February 2008. In his motion, Price, who was acting pro se, indicated that he first obtained knowledge of the affidavit when he was preparing his application for a rehearing to this court in February 2008. Because procedural facts may be established by an attorney’s statement in a signed motion, see Oliver v. Townsend, 534 So.2d 1038, 1042 (Ala.1988), and pro se litigants are subject to the same procedural rules as attorneys, Papaspiros v. Southeast General Contractors, *384 Inc., 982 So.2d 1099, 1104 (Ala.Civ.App.2007), Price’s statement constitutes sufficient evidence of when he acquired knowledge of the affidavit.
Although Clayton did not file any response to Price’s motion and did not dispute the factual assertions contained therein, the main opinion concludes that, in fact, Price had knowledge of the affidavit much sooner. To reach that conclusion, the main opinion points out that Price’s attorney obtained Clayton’s application to the bar in the underlying action. Although the record from the appeal of the underlying judgment does not affirmatively demonstrate that the trial judge’s September 14, 1999, affidavit was included in the bar application produced to Price, the main opinion infers from various statements in that record that the trial judge’s affidavit must have been attached to it. However, that inference is unreasonable given that at no point in the record do the parties refer in any manner to the affidavit of the trial judge. We may take judicial notice of the record from a prior appeal, see Ex parte Cade, 521 So.2d 85, 87-88 (Ala.1987), but we cannot enlarge that record by inference to include something that is not in it.
Based on the record before us, the trial court simply had nothing before it upon which to base a decision that Price actually knew of the affidavit before February 2008. Thus, the trial court had no eviden-tiary basis to conclude that Price failed to timely file his Rule 60(b)(6) motion. Therefore, the trial court exceeded its discretion in denying the motion. See T.B. v. T.A.P., 979 So.2d 80, 87 (Ala.Civ.App.2007) (defining abuse of discretion). I would reverse the trial court’s judgment and remand the cause, noting that nothing precludes the trial court from holding an evidentiary hearing on the matter to determine exactly when Price or his attorney obtained the affidavit. Because the main opinion assumes the role of fact-finder and makes a factual conclusion that cannot reasonably be inferred from the evidence, I respectfully dissent.