**William J. LEVENTHAL, Petitioner, Appellant,**

v.

**John A. GAVIN, As He Is Commissioner, Department of Correction, Commonwealth of Massachusetts, Respondent, Appellee.**

**No. 7264.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1969.

Decided Jan. 22, 1970.

Edward Rudnitsky, Boston, Mass., for appellant.

Lawrence P. Cohen, Deputy Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., John Wall, Asst. Atty. Gen., Chief,

Crim. Div., Garrett H. Byrne, Dist. Atty., and Murray Reiser, Asst. Dist. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

On March 10, 1965, petitioner was convicted of larceny and conspiracy in the Superior Court of Massachusetts and was sentenced to a term of five to seven years. He is currently on parole. A bill of exceptions was filed on October 26, 1965, but was rejected by the court on the ground that it was not timely. Hence, there has been no consideration of the exceptions on their merits.

It is alleged that petitioner was deprived of his right to the effective assistance of counsel in that his trial counsel failed to file a motion for an extension of time within which to file a bill of exceptions and thereby cut off petitioner's right to appeal from the state conviction.[1] This contention was first raised in a motion for new trial filed in the state court on November 12, 1965. After a hearing the motion was denied and that ruling was affirmed by the Supreme Judicial Court. Commonwealth v. Hamblen, 352 Mass. 438, 225 N.E.2d 911 (1967). Petitioner then filed the instant petition for a writ of habeas corpus and now appeals from its denial.[2]

To facilitate consideration of the questions, we separate the presentation of the case to the state and federal courts.

*STATE COURT PROCEEDINGS*

The Superior Court held an evidentiary hearing on the motion for a new trial. Petitioner was present throughout the proceeding and was represented by

retained counsel, whose effectiveness is not here at issue. The principal witnesses were Roy Kipp and George Reef, who were counsel to petitioner at the criminal trial.

Kipp testified that after the conviction he prepared a motion to extend the time for filing the bill of exceptions to April 26 and gave it to Reef for filing with the court. He also said that he later drew a second motion for extension, this one to expire on May 26, and again gave it to Reef for filing. He then stated that he had had a conversation with petitioner around April 21 or 22, on which occasion he told petitioner that he and Reef were withdrawing from the case and that petitioner would have to get the "next" extension himself, although he specifically stated that he had not told Leventhal that the then current extension expired on April 26.

In spite of the April 21–22 conversation, Kipp said that he and Reef were persuaded by the trial judge to stay in the case until May 12.[3] He claimed, however, never to have told Leventhal that he was preparing a bill of exceptions.

Reef testified that he received motions for extensions from Kipp on two occasions and took each of them to Assistant District Attorney Reiser for his assent. He said he left the originals with Reiser for filing, but on cross-examination admitted that he was uncertain of what he had done with the papers. In any event, he did not recall filing them in court. He also corroborated Kipp's version of the meeting with Leventhal on April 21–22.

Reiser made an unsworn statement to the effect that he did not recall receiving

1. A bill of exceptions must be filed within twenty days after the verdict or judgment is rendered, unless the time is extended by the court. M.G.L.A. ch. 278, § 31. An extension of time to April 26, 1965, was granted. It is the failure to secure an extension beyond that date which petitioner seeks to raise here.

2. The petition was filed on March 1, 1968, and dismissed without hearing. This

court subsequently vacated the judgment of dismissal and remanded for an evidentiary hearing. Leventhal v. Gavin, 396 F.2d 441 (1st Cir. 1968). The petition was then denied after hearing by the district court.

3. A letter of withdrawal dated May 1 was given by Kipp to Leventhal to facilitate petitioner's effort to secure new counsel.

the original of the motion for filing. Petitioner did not testify.

On the basis of the foregoing evidence and the court's recollection of the petitioner's conduct at trial,[4] the court, at least implicitly, concluded that the failure to preserve the right to appeal was chargeable to the petitioner[5] and denied the motion for a new trial.

The Supreme Judicial Court affirmed on the ground that there was no abuse of discretion because "it could have been found that the failure on the part of counsel to perfect the exceptions was neither due to his inadvertence or mistake nor was contrary to the desire of his client * * *." 352 Mass. at 446, 225 N.E.2d at 916.

## FEDERAL COURT PROCEEDING

The hearing held by the district court was much more extensive than that in Superior Court, principally due to evidence adduced by petitioner himself. To some extent this new evidence was more favorable to petitioner's desired finding that he did not intend to waive his appeal, and that his rights were lost through gaps resulting from the changeover of counsel. However, this evidence did not persuade the district court, as in Needel v. Scafati, 412 F.2d 761 (1st Cir.), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113 (1969), nor was there any satisfactory explanation why it had not been presented in the state proceedings.

The district court, in a comprehensive opinion, Leventhal v. Gavin, Misc. Civil No. 68–24–6 (D.Mass., filed Dec. 3, 1968), after reciting the evidence in detail, concluded that the Superior Court finding that the procedural failure of petitioner's appeal was not due to the mistake or inadvertence of counsel was fairly supported, was reached after a fair trial and was presumptively correct. The court further found that this presumption was not overcome by the new evidence. Although this evidence established that petitioner had originally instructed counsel to appeal, the court found petitioner knew that counsel was not doing this, but was engaged in other activities, principally seeking to square petitioner with the parties whom he had allegedly defrauded. This might have resulted in a better solution to his difficulties, in terms of a motion to reduce sentence, as contrasted with the expense of appealing a case which had occupied a great many days. The court found confirmation for this conclusion in the fact that after petitioner inescapably realized that he had lost his right to appeal, he waited five months before claiming in the Superior Court that he had been mistreated or misled.

■ We recognize that if counsel are sufficiently deficient in their performance a defendant may claim that his constitutional right to effective representation has been lost. We recognize, further, that even the fact that petitioner has had a fair trial of that issue in the state court and lost, does not mean that he cannot raise it again in the federal court, since it is a federal right. Fay v. Noia, 372 U.S. 391, 420–422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962). Nonetheless, since Fay v. Noia, perhaps recognizing the force of the Court's later decision

---

4. The trial judge also heard the motion. From the bench he stated that: "Throughout the trial, he [petitioner] was bothering counsel with notes, notes, notes, notes, all the time. He was directing the trial. I remember the incident very well. * * * I remember he was writing, writing, writing, throughout the trial and sending notes to his counsel, sending notes to his counsel, to the point where I thought he should have been examined. That's how unreasonable he was."

5. The court wrote no opinion and made no formal findings. The following statements appear in the transcript of the Superior Court hearing: "I don't charge it [failure to preserve appeal] to the attorney; I charge it to him [Leventhal] personally * * *. I don't think it was failure of counsel at all. I am not convinced it was failure of counsel." These remarks were treated by the district court as a finding that petitioner had no intention to appeal and lost his rights through his own laxity.

in Sanders v. United States, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), Congress has provided that a federal redetermination should not be automatic but that a substantial showing of error must be made.

 The amendment to 28 U.S.C. § 2254, Act of Nov. 2, 1966, 80 Stat. 1105, provides that the decision of the state court shall be presumed to be correct unless petitioner can successfully make one of a number of specified attacks thereon. One of these is to show that he "did not receive a full fair, and adequate hearing in the state court proceeding." 28 U.S.C. § 2254(d) (6). The district court decided this issue against petitioner, and warrantably so. Another is "(3) that the material facts were not adequately developed in the state court hearing." Petitioner might come within this exception, except that we do not interpret it as broadly as the words may literally read. A defendant is not entitled to a second trial on an issue if the alleged early deficiency is chargeable to his fault or neglect. Needel v. Scafati, *supra*, at 765. We see no reason to exclude constitutional issues from this principle. *See* Fay v. Noia, *supra* at 425, 83 S.Ct. 822; Sanders v. United States, *supra*, at 17–18, 83 S.Ct. 1068. Here the additional evidence was at best ambiguous, and all within his individual control. On a review of the record we do not consider the district court's findings on any of the issues of this case to be clearly erroneous.

The judgment dismissing the petition on the merits is affirmed. In so ordering we do not decide whether, if petitioner had presented a substantially better case, based at least in part on newly discovered evidence, the petition should nevertheless be dismissed without prejudice for failure to exhaust state remedies. *Cf.* Needel v. Scafati, *supra*.

Affirmed.