ROBERT P. LENA vs. COMMONWEALTH.

Suffolk.   December 1, 1975. — January 19, 1976.

Present: QUIRICO, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Sentence, Appellate Division, Disqualification of
judge, Assistance of counsel.

A Superior Court judge who had reprimanded a jury after they ac-
quitted a defendant on indictments charging rape and unnatural
acts was not required to recuse himself sua sponte from sitting on
an Appellate Division panel reviewing a sentence imposed on the
defendant on an unrelated rape charge where the source of the
judge's alleged partiality was acquired in his judicial role and
where the defendant did not object to the judge's participation on
the panel.  [573-576]

Actions of the defendant's counsel in proceeding to represent the de-
fendant in a sentence appeal before the Appellate Division of the
Superior Court after the defendant refused to withdraw his appeal,
as counsel had advised, and in not moving to disqualify a judge on
the Appellate Division panel on the ground of alleged partiality,
did not constitute inadequate representation.  [576]

Where it was possible that because of a misunderstanding or failure
of communication between a criminal defendant and his counsel
an issue regarding the alleged partiality of a member of an Appel-
late Division panel reviewing the defendant's sentence was not
raised at the Appellate Division hearing, this court allowed the de-
fendant to apply for reconsideration of his sentence appeal directed
to securing an opportunity to move for the disqualification of the
allegedly partial judge, but expressed no view as to how the Ap-
pellate Division should exercise its discretion in ruling on such an
application.  [576-578]

PETITION for a writ of error filed in the Supreme Ju-
dicial Court for the county of Suffolk on January 7, 1975.

The case was heard by *Braucher,* J.

*Robert S. Potters* for the plaintiff.

*Robert V. Greco,* Assistant Attorney General, for the
Commonwealth.

KAPLAN, J.   On petition for writ of error by Robert P. Lena, a single justice of this court affirmed the amended judgment of conviction to which the petition was addressed.   Lena now appeals to the full court from the action of the single justice.

The original judgment, entered by a judge of the Superior Court on January 17, 1973, upon a verdict of a Norfolk County jury, convicted Lena of the crime of rape. Sentence was imprisonment at the Massachusetts Correctional Institution at Walpole for a term of not less than five and not more than ten years, to be served after completion of a sentence Lena was then serving.

Lena appealed to the Appellate Division of the Superior Court pursuant to G. L. c. 278, §§ 28A-28D, for a review of the sentence.   The appeal was heard on June 14, 1973, by a panel of three judges.   The Appellate Division revised the sentence upward:   it amended the judgment by substituting for the sentence originally imposed, sentence of imprisonment at Walpole for a term of not less than ten and not more than fifteen years, to take effect after the sentence Lena was serving on January 17, 1973, the term to be computed without credit for any days served.

In his petition for the writ with accompanying assignments of error and a statement of agreed facts, Lena claimed that the amended judgment was infected with fundamental errors.   It appeared that in December, 1972, Lena had been tried in the Superior Court, Suffolk County, on indictments for rape and unnatural acts.   When the jury brought in acquittals on both charges, the trial judge addressed the jury and said that the verdicts, particularly as to the unnatural acts, caused him great concern.   The jury, he said, were entitled to consider whether the young lady would have humiliated herself by giving testimony if the offense had not been committed; and if they thought the acts were acceptable to the community and not "unnatural," they were mistaken.   The jury might be interested to know, though it was not pertinent to guilt or innocence in the case just tried, that the

defendant was serving a term of ten to twenty years at Walpole for assault with intent to commit rape, and that another charge of rape was pending against him in another county.

Lena went on in his assignments to state that the judge who made those remarks to the Suffolk County jury on December 14, 1972, acted as the presiding judge of the Appellate Division panel on the appeal of the Norfolk County sentence in June, 1973. Lena's retained counsel, with knowledge of these facts, did not ask the judge to disqualify himself. Still Lena assigned as error that the judge had not disqualified himself sua sponte. Lena assigned as additional errors supporting his petition that his counsel had continued to represent him at the June hearing although counsel had previously advised him to withdraw his appeal, and, further, that counsel had not moved for the disqualification of the judge. In Lena's estimation counsel's behavior deprived him of effective representation. Lena prayed that the amendment of the original sentence be vacated and that he be allowed a fresh appeal of the original sentence.

We shall conclude that the single justice was right in denying vacation of the amended sentence on the writ of error. We shall suggest that in all the circumstances of the case Lena may have a basis for applying to the Appellate Division for rehearing or reconsideration.

1. This is not the first time that a reprimand of a jury by a trial judge who disagreed with the verdict has had unforeseen repercussions. See *Commonwealth* v. *Hanscomb,* 367 Mass. 726 (1975). Plainly the judge here believed Lena guilty of one or both charges, and this raises a question about the judge's capacity to review the later sentence free of the feelings that such a belief might provoke, and on the basis solely of the relevant record.[1]

---

[1] Cf. G. L. c. 279, § 4A, and c. 276, § 85 (probation records presented to a judge in aid of sentencing not to contain information

That the panel increased the sentence is not proof that prejudice on the part of the judge was at work. To be sure, the revised sentence, added to the sentence then being served, was a severe penalty. Increases of sentences by the Appellate Division have been rare statistically. See the tables for the period July 1, 1955, to June 30, 1969, set out in *Walsh* v. *Commonwealth*, 358 Mass. 193, 199 n.4 (1970), habeas corpus denied sub nom. *Walsh* v. *Picard*, 446 F.2d 1209 (1st Cir. 1971), cert. denied, 407 U.S. 921 (1972), and an extension of the tables to June 30, 1974, in *Gavin* v. *Commonwealth*, 367 Mass. 331, 338 n.8 (1975). Yet the power to revise sentences upward exists by the terms of the statute as a complement to the power to reduce them. G. L. c. 278, § 28B. It is not shown that the revised sentence was so far a departure from the expected penalty for such an offense, committed by such a defendant, as to suggest prejudice, or, indeed, that it was not better in line with sentencing practice in like cases than the original sentence.[2]

The information or knowledge forming the source of any supposed partiality was acquired by the judge in his judicial role, not extrajudicially. This is a factor making against Lena's claim that the judge should have recused himself on the sentence appeal (see *Commonwealth* v. *Leventhal*, 364 Mass. 718, 722 [1974]; *Kennedy* v. *Dis-*

---

as to criminal prosecutions in which the defendant was found not guilty).

Under G. L. c. 278, § 28A, a judge who tried a case is barred from being a member of a panel of the Appellate Division hearing the sentence appeal in that case, but there is no other statutory provision on disqualification of judges from service on the Appellate Division.

[2] In the *Walsh* case, cited above in the text, this court said the Appellate Division was "a vehicle whereby extreme harshness or leniency by judges in sentencing could be corrected." The Appellate Division considers "whether a particular defendant's sentence is excessively short or long compared to other defendants' sentences for the same or similar offences." 358 Mass. at 195, 201.

*trict Court of Dukes County*, 356 Mass. 367, 379 [1969]), although we would not go so far as to say that it should necessarily be determinative. See Ratner, Disqualification of Judges for Prior Judicial Actions, 3 How. L.J. 228 (1958); Note, Disqualification of Judges for Bias in the Federal Courts, 79 Harv. L. Rev. 1435, 1451-1452 (1966); Note, Disqualification of Judges and Justices in the Federal Courts, 86 Harv. L. Rev. 736, 763 n.116 (1973).

Faced, then, with a question of his capacity to rule fairly, the judge was to consult first his own emotions and conscience. If he passed the internal test of freedom from disabling prejudice, he must next attempt an objective appraisal of whether this was "a proceeding in which his impartiality might reasonably be questioned." S.J.C. Rule 3:25, Canon 3 (C) (1) (a), 359 Mass. 841 (1972).[3] In a case rather similar to the present, it was held that a trial judge who had expressed his disagreement with a jury verdict acquitting a particular defendant was not required to disqualify himself from sentencing that defendant on a later, related charge to which the defendant had pleaded guilty. *United States* v. *Pizzo*, 453 F.2d 1063, 1066 (3d Cir.), cert. denied, 406 U.S. 922 (1972). In the *Pizzo* case, the possible bias had been called to the judge's attention by the defendant's counsel before sentence, but had not been made the subject of a formal motion to disqualify. The judge assured counsel that he could act impartially. In the present case the matter was not adverted to at all in the presentation to the Appellate Division. The fact that no objection was taken to the judge's participating in the case, although possibly explicable as merely a tactical abstention by counsel, would naturally, and, we think, properly, tend to confirm the judge in a

---

[3] "(C) Disqualification. (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . ."

conclusion that he need not step down, that he could with inward and outward propriety act with his colleagues to review the sentence on the merits.[4]   On the whole, we agree with the single justice that it was not shown to be error redeemable on writ of error for the judge to fail to recuse himself sua sponte. See *Commonwealth* v. *Leate*, 367 Mass. 689, 697-698 (1975); *King* v. *Grace*, 293 Mass. 244, 246-247 (1936); *Preston* v. *Peck*, 279 Mass. 16, 18-19 (1932).

2. As to the assigned errors with regard to the behavior of Lena's counsel (not the attorney now representing him), it surely would not prove inadequate representation that counsel argued an appeal to the Appellate Division that he thought ill-advised if this was the client's desire, or that he omitted to move to disqualify the judge if this was his best view of what the situation called for and he did not believe it to go counter to his client's wishes. The record does not demonstrate any misprision here or a level of performance in any other respect that we have characterized in the past as inadequate.   See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96-97 (1974), and cases cited.

3. So the writ of error fails.   The single justice was prompted to remark, however, that "[t]he statement of agreed facts does not disclose why the point [disqualification] was not raised at the hearing."   Some two weeks before the hearing Lena had written to his counsel, referring to the judge's "lashing out at the jury," and inquiring, "Is there any way we could exempt him from my hearing?"   It is an agreed fact that before his appearance at the hearing Lena informed counsel that he "thought [the judge] should not participate in the Appellate Di-

---

[4] The single justice indeed remarked that there was no indication that the judge recalled the prior incident.   We assume for present purposes that he did.   The judge might then have been better advised to recount his connection with the earlier case at the start of the hearing of the sentence appeal.

vision's decision on his sentence appeal." On the day of
the hearing Lena discussed with his counsel whether he
should go forward with the appeal, but he "did not reaf-
firm his request to have [the judge] recused." In sub-
sequent correspondence Lena stated that he asked counsel
to challenge the judge and "you failed to do so." The
single justice said "there may have been oversight on the
part of the petitioner or counsel or both" in not raising
the point at the hearing, although it is also possible that
counsel made a "tactical decision" not to raise it.[5]

Thus it appears possible that Lena wanted the point of
disqualification put at the hearing and through misunder-
standing or failure of communication this was not done.
If such a misunderstanding occurred it cannot be thought
immaterial. For, as intimated above, a judge, although
not disposed to recuse himself sua sponte, might well
react in a different way to a motion to compel his with-
drawal which indicated that the person affected would
consider himself abused if the judge continued to sit, and
which also necessarily raised, in a more poignant manner,
a problem about creating at least the appearance of doing
an injustice.

Considering all the circumstances, including the special
nature of a sentence appeal, we suggest that Lena, if so
advised, may attempt an application to the Appellate Di-
vision for rehearing or reconsideration supported by any
further proof of misunderstanding and directed to securing
an opportunity to move for disqualification and to have
the appeal heard anew by a panel reconstituted under

---

[5] In a letter to Lena written just after the hearing, counsel spoke of
two mistakes that he had made. One was "not raising the question
of [the judge's] participation in the panel in view of what you told
me." This still leaves unclear whether the "mistake" was in not
complying with an instruction from Lena, or in making a tactical
decision that Lena had left to him. The letter also says it was a
"mistake" for counsel to continue after advising withdrawal of the
appeal: "You were certainly entitled to a lawyer who agreed with
your appeal."

G. L. c. 278, § 28A.   We express no view as to how the Appellate Division should exercise its discretion in ruling on such an application, if made.[6]

The judgment of the single justice is affirmed.   The Appellate Division is authorized to entertain an application and to take appropriate action thereon as indicated in this opinion.

*So ordered.*

---

[6] We refrain from attempting to describe what state of facts would require disqualification as matter of law.

We suggest that in a case where a serious question is raised as to possible bias or prejudice on the part of a member of the panel, and the panel nevertheless goes ahead without a disqualification, the panel should consider the advisability of giving reasons in writing for its decision of the sentence appeal, at least when the sentence is increased.   This is in deference to, if not required by, *North Carolina* v. *Pearce*, 395 U. S. 711 (1969), applied in *McHoul* v. *Commonwealth*, 365 Mass. 465 (1974).   In the *Walsh* and *Gavin* cases, cited in the text, where it was held that there was no constitutional requirement that reasons be assigned for an increase of sentence, there was no claim of possible vindictiveness.   (The suggestion made here is distinct from the one made in the *Gavin* case that the whole question of written reasons might be examined with a view to rule-making under G. L. c. 278, § 28B.   See 367 Mass. at 343-344.)