Smith, J.
1. In an Order dated September 23, 1996, this Court found that the plaintiffs motion for injunctive relief was wholly insubstantial, frivolous and not advanced in good faith, entitling the defendants to reasonable counsel fees, costs.and expenses pursuant to G.L.c. 231, §6F. Moreover this Court allowed the defendants’ Motion For Sanctions Under Mass.R.Civ.P. 11 because of the failure of plaintiffs counsel to perform his obligation to determine if he had “good ground to support” the pleadings in this case seeking injunctive relief. Pursuant to this Court’s September 23, 1996 Order the defendants filed an affidavit in support of their request for reasonable counsel fees, costs and expenses and the plaintiff filed his opposition. The Court subsequently conducted a hearing.
2.At the hearing, the plaintiff demanded that the Court recuse itself without giving any basis for this request other than asserting baseless accusations that the Court had some financial or personal relationship with Brandéis University or with its faculty or the trustees. The Court has no financial relationship with Brandéis University. Moreover, the Court is not aware of any personal or financial relationship with any of the trustees or facully of Brandéis University. The Court has absolutely no relationship whatsoever with the faculty involved in this law suit. The plaintiff offered no evidence suggesting that this Court had any relationship of any type with Brandéis University, its trustees or faculty which might impair this Court’s impartiality. If the plaintiff had a factual basis for its accusations, it would have been helpful to the Court if the plaintiff had presented to the Court the names of the person or persons connected with Brandéis University as trustee or facully with whom the plaintiff believed or suspected that this Court had a financial and/or personal relationship.
When faced with a question of his impartialiiy, a judge must “consult first his own emotions and conscience. If he pass[es] the internal test of freedom from disabling prejudice, he must next attempt an objective appraisal of whether this [is] ‘a proceeding in which his impartialiiy might reasonably be questioned.’ ’’ Lena v. Commonwealth, 369 Mass. 571, 575 (1976). Having searched my emotions and conscience I find no bias for or against either parly. I have and will continue to adjudge this matter impartially and on the merits. Moreover, as an objective matter this motion to determine the award of costs and attorneys fees is not “a proceeding in which [this Court’s] impartialiiy might reasonably be questioned” for at least two reasons. First, it is preferable for the judge who presided over a matter to hear and determine if the claims advanced were wholly insubstantial, frivolous and not advanced in good faith, entitling the defendants to costs and attorneys fees pursuant to G.L.c. 231, §6F and to determine the amount of the award of the reasonable counsel fees, costs and expenses. Such is virtually always the case where a court awards reasonable counsel fees, costs and expenses pursuant to G.L.c. 93A and other statutes which allow for such awards. Second, because this Court has no personal or business relationship with either of the parties or to their counsel, the Court’s handling of this matter does not raise even the appearance of partiality or impropriety.
3. Reasonable counsel fees, costs and expenses pursuant to G.L.c. 231, §6F:
Based upon the affidavit of defendants’ counsel, the Court awards reasonable counsel fees, costs and expenses in the amount of $17,098.00. This amount does not include any of the appellate work performed between November 7, 1995 through December 27, 1996,[1] as the Court finds that the scope of G.L.c. 231, §6F is limited to frivolous matters in which it made the finding, verdict, decision, award, order or judgment. Having no jurisdiction to make any type of finding, verdict, decision, award, order or judgment in the various appeals, this Court has no jurisdiction to award defendants for their appellate costs and attorneys fees under G.L.c. 231, §6F.
4. Reasonable counsel fees, costs and expenses pursuant to Mass.R.Civ.P. 11:
Based upon the affidavit of defendants’ counsel, the Court awards reasonable counsel fees, costs and expenses in the amount of $17,098.00. This amount does not include any of the appellate work performed between November 7, 1995 through December 27, 1996, as the Court finds that it has no jurisdiction to award defendants for their appellate costs and attorney’s fees under Mass.R.Civ.P. 11. It seems to this Court that the same limitations that apply to the scope of the award of reasonable counsel fees, costs and expenses under G.L.c. 231, §6F would also apply to any award pursuant to Mass.R.Civ.P. 11.
5. Since the defendants are not entitled to a duplicative award of reasonable counsel fees, costs and expenses, the Court shall award the sum of $17,098.00.
ORDERS
1. The Court ALLOWS the defendants’ motion for reasonable counsel fees, costs and expenses under G.L.c. 231, §6F and Mass.R.Civ.P. 11 in the amount of $17,098.00. In light of this Court’s finding, in its *36 Order dated September 23, 1996, that plaintiffs counsel, Sanford A. Kowal, violated Mass.R.Civ.P. 11, the Court ORDERS that plaintiff Robert Stevenson pay 50% of the reasonable counsel fees, costs and expenses allowed by the Court under G.L.c. 231, §6F and as the sanction under Mass.R.Civ.P. 11 ORDERS that plaintiffs counsel, Sanford A. Kowal, pay the remaining 50% of said reasonable counsel fees, costs and expenses.
2. Finally the Court ORDERS that plaintiff and his counsel, Sanford A. Kowal, tender payment of the $17,098.00 in reasonable counsel fees, costs and expenses to defendants’ counsel within 45 days from the date of this Order. The ORDER in this paragraph is STAYED pending final resolution of any appeal which the plaintiff and his counsel, Sanford A. Kowal, might take.

Specifically, for the period between November 7, 1995 and November 27, 1995, the Court awards reasonable counsel fees, costs and expenses in the amount of $ 1,032. For the period between December 10, 1995 and December 27, 1996, the Court awards reasonable counsel fees, costs and expenses in the amount of $2,255. Based upon counsel's affidavit, the remainder of the counsel fees, costs and expenses were incurred in defending against the plaintiffs various appeals.