Commonwealth *v.* Zine.

## COMMONWEALTH *vs.* JASON C. ZINE.

No. 00-P-591.

Plymouth. May 9, 2001. - July 24, 2001.

Present: GREENBERG, SMITH, & MASON, JJ.

*Judge. Practice, Criminal,* Disqualification of judge.

The judge at a criminal trial was not required, in the circumstances, to recuse himself on the contention by the defendant, not that he was biased or prejudiced, but that his impartiality might reasonably be questioned because the presiding judge of the District Court in which a prior bench trial had been held was the alleged victim of one of the charges, and all of the putative criminal conduct occurred in the same court as the bench trial. [132-134]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on September 17, 1999.

The case was tried before *James F.X. Dinneen,* J.

*William A. Korman* for the defendant.

*Julia K. Holler,* Special Assistant District Attorney, for the Commonwealth.

GREENBERG, J. Our principal concern in considering the defendant's appeal is whether the appearance of, as opposed to the existence in fact of any bias or prejudice, see S.J.C. Rule 3:09, Canon 3(C)(1),[1] 382 Mass. 811 (1981), required the trial

_____

[1]Rule 3:09, Canon 3(C)(1), which provides that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned," substantially tracks the cognate Federal provision, 28 U.S.C. § 455(a) (1994) ("Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). Section 455(a) embodies an objective standard "intended to foster public confidence in the judicial system by requiring disqualification 'if there is a reasonable factual basis for doubting the judge's impartiality . . . .' H. Rep. No. 1453, 93d Cong., 2d Sess., 1974 U.S. Code Cong. & Admin. News 6355." *United States* v. *Cowden,* 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. 909 (1977). Accordingly, the standard

judge to recuse himself from hearing the defendant's case as requested by defense counsel. We conclude that the judge was not required to recuse himself, and affirm the judgments.

The defendant was attending his probation surrender hearing at the Brockton District Court on August 11, 1999. At the conclusion of the probation officer's testimony, First Justice David G. Nagle found him in violation of the terms of a previously imposed probationary term. As the judge read his findings into the record, the defendant swore at the judge and broke loose from the grasp of a court officer who was trying to cuff him. He ran toward the only exit door, which was at the rear of the court room, and leapt over the spectator's bench. The court officer attempted to tackle him, but the defendant spun around and headed back toward the judge, who had taken refuge behind his chair on the bench. At this point the probation officer descended from his perch in the jury box close to the judge and blocked the defendant's path. A last attempt by the defendant to escape through the judge's lobby was thwarted when two court officers and the probation officer seized him before he could leave the court room. The chase concluded, and the defendant was placed under arrest.

Upon these facts, a complaint in six counts issued against the defendant: assault, G. L. c. 265, § 13A (two counts); disruption of court proceedings, G. L. c. 268, § 13C; intimidation of a witness, G. L. c. 268, § 13B; threats to commit a crime, G. L.

by which disqualification under § 455(a) is to be determined is "whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable man." *Ibid.* "Because . . . § 455(a) focuses on the *appearance of impartiality,* as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word 'might' in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." (Emphasis supplied.) *Home Placement Serv., Inc.* v. *Providence Journal Co.,* 739 F.2d 671, 676 (1st Cir. 1984), cert. denied, 469 U.S. 1191 (1985), quoting from *Potashnick* v. *Port City Constr. Co.,* 609 F.2d 1101, 1111 (5th Cir.), cert. denied, 449 U.S. 820 (1980). See *Blizard* v. *Frechette,* 601 F.2d 1217, 1220 (1st Cir. 1979).

Commonwealth *v.* Zine.

c. 275, § 2; and escape from a penal institution, G. L. c. 268, § 16. The defendant pleaded not guilty to all of the charges.

On January 26, 2000, the case came on for trial in the same court where the events we have described transpired. Because the defendant had initially requested trial by jury, the matter was sent to a jury session: presiding was James F.X. Dinneen, a circuit judge of the District Court Department. Before impanelment, trial counsel filed a number of motions, including a boilerplate "motion to recuse." No affidavit appears; however, as reason for the requested disqualification, the motion states: "The defendant is accused of assaulting Judge David Nagle. [He] is the presiding Justice of the Brockton District Court. As such he is a colleague and a supervisor of the judge sitting on this case. Because of this close relationship the judge may be pre-disposed against the defendant."

We may suppose that these circumstances should have alerted the trial judge to a potential problem. However, the materials that appear in the record are less informative than one might wish. The transcript of the pretrial discussions makes no mention of the recusal motion. For his part, the defendant, who insists on appeal that his right to a fair trial was imperilled, signed a jury waiver electing to have the judge act as fact finder and hear the case. The defendant was convicted on two counts: one of the assault charges, and disruption of court proceedings.[2]

When a judge is faced with a question as to his impartiality, he must "consult first his own emotions and conscience. If he pass[es] the internal test of freedom from disabling prejudice, he must next attempt an objective appraisal of whether this [is] 'a proceeding in which his impartiality might reasonably be questioned.' " *Lena* v. *Commonwealth,* 369 Mass. 571, 575 (1976), citing former S.J.C. Rule 3:25, Canon 3(C)(1)(a), 359 Mass. 841 (1972) (now Rule 3:09, Canon 3[C][1][a]).

Here, the defendant does not argue that the judge was biased or prejudiced, but that his impartiality might reasonably be questioned, because the presiding judge of the District Court where the bench trial was held was the alleged victim of one of

---

[2]The Commonwealth moved for trial on the charges alleging assault on the person of the judge and disruption of court proceedings. After the trial concluded, the remaining charges were filed without a change of plea.

the charges, and all of the putative criminal conduct occurred in the same court as the bench trial. Compare *Parenteau* v. *Jacobson*, 32 Mass. App. Ct. 97, 102 n.6 (1992) (possible that all judges in Boston Housing Court would recuse themselves). Cf. *Commonwealth* v. *Gogan*, 389 Mass. 255, 258 (1983) (prior attorney-client relationship between judge and various parties and witnesses).

We may assume from the jury waiver and the fact that trial counsel did not actually argue the recusal motion, that the grounds were less than compelling. See *Commonwealth* v. *Coyne*, 372 Mass. 599, 601, 603 (1977) (jury trial waived immediately after motion to suppress denied by same judge who conducted bench trial; trial commenced without objection). In any event, what the defendant complains of here could have easily been remedied by his seeking a change of venue or requesting that a visiting judge from outside of the region be assigned long before the case came up for a jury trial. Compare *id.* at 603 (defendant failed to request that motion to suppress be heard by judge other than trial judge; nor did he give advance notice that he would waive jury trial); *Parenteau* v. *Jacobson*, *supra* (if all judges in Boston Housing Court recused themselves, judge from Hampden Housing Court or from a different department of the Trial Court could have been assigned to hear case).

In this case, the fact that the judge acceded to the defendant's request to accept his jury waiver and preside at the bench trial must be regarded as "a most unequivocal assertion" that he had examined his conscience and found no disqualifying bias or prejudice. *Commonwealth* v. *Leventhal*, 364 Mass. 718, 722 (1974). See *Commonwealth* v. *Dane Entertainment Servs., Inc.*, 18 Mass. App. Ct. 446, 449 (1984). Whether in light of the circumstances advanced in support of the motion, the judge's impartiality might reasonably be questioned is a matter that the defendant has not adequately developed in this record.

We hasten to add that imputing disqualification to all judges assigned to a given court whenever a defendant is unruly or threatening to one of their colleagues would place an undue burden on the administration of justice. Something more is required that amounts to a reasonable appearance of impropriety other than appears in the instant case. As one Federal Appeals Court judge commented:

"[T]he analysis of allegations, the balancing of policies, and the resulting decision whether to disqualify are in the first instance committed to the district judge. And, since in many cases reasonable deciders may disagree, the district judge is allowed a range of discretion. The appellate court, therefore, must ask itself not whether it would have decided as did the trial court, but whether that decision cannot be defended as a rational conclusion supported by reasonable reading of the record."

*In re United States,* 666 F.2d 690, 695 (1st Cir. 1981).

At all events, there is little to suggest in the circumstances here that the judge's failure to recuse himself as the trier of fact amounts to an abuse of discretion. *Demoulas* v. *Demoulas Supermarkets, Inc.,* 428 Mass. 543, 546 (1998).

As a final and unrelated argument, the defendant disputes that the proof received at the trial was sufficient on the disruption of a trial or other proceedings charge because there was no evidence of an actual interruption of any court proceedings. See *Commonwealth* v. *Sholley,* 432 Mass. 721, 731-732 (2000), cert. denied, 532 U.S. 980 (2001). In rendering his decision at the conclusion of the trial, the judge found as a matter of fact that court was still in session when the defendant engaged in his ill-advised outburst. Unlike the situation described in the *Sholley* case, where the disruption took place in the hallway adjacent to where a trial had just concluded, the aberrant behavior here erupted in the court room at a time when the judge and other court personnel had not actually adjourned the proceedings.

*Judgments affirmed.*