COMMONWEALTH *vs.* PAUL V. TRIMBOLI, JR. No. 01-P-1076. April 7, 2003. *Judge. Disruption of Court Proceedings. Practice, Criminal, Verdict.*

The defendant was charged with threatening to commit murder and disrupting a court proceeding. After a jury trial, he was acquitted of the former but found guilty of the latter. The defendant appeals from his conviction.

The only witness at the trial was the probate judge in whose courtroom the alleged threats and disruption occurred. The jury were also provided with portions of a tape of the Probate Court proceedings.

The judge testified to the following. The proceedings in the Probate Court related to the extension of two restraining orders sought by the defendant's former wife and to the possible visitation by the defendant with his son. The defendant's former wife testified that the defendant had said to her that he hoped her father would die. When testifying on his own behalf in the Probate Court, the defendant admitted having made the statement and looked at his wife and said, "Do I hope you would die, too? I do. You're an evil person." The judge testified that this statement gave him "chills" and he told the defendant that he found it to be a direct threat to the former wife's physical safety.

The proceedings took several hours and there was a break for lunch. Sometime after the hearing resumed, the judge announced that he would extend the restraining orders, but would take the matter of visitation under advisement. The defendant interrupted and asked how long that would take. The judge indicated there was no specific time period. Thereupon, the defendant responded, "I just want to state for the record that I hope you would die, too."

The judge recessed the proceedings and the defendant was taken into custody. The judge testified that he was emotionally shaken by the statement, which he took as a threat, that he went to his office where he spent about forty-five minutes talking to the State police, and that the attorneys for the former wife and child of the defendant remained waiting for the judge to conclude the matter. Not only was the defendant's own proceeding disrupted but three other cases scheduled for pretrial hearings were also delayed.

The defendant claims that there was no disruption as the judge had concluded the matter. The judge's testimony was to the contrary as he stated that he had not yet adjourned the proceedings. See *Commonwealth* v. *Zine,* 52 Mass. App. Ct. 130, 134 (2001). Even if this were not the case, the defendant would not prevail. Three other matters had to wait until the judge had finished his conversation with the police.

Looking at the evidence in the light most favorable to the Commonwealth, we cannot say as matter of law that court proceedings were not disrupted. Accordingly, the jury were warranted in convicting the defendant of "willful disruption of proceedings of any court." G. L. c. 268, § 13C. Compare *Commonwealth* v. *Sholley,* 432 Mass. 721, 731-732 (2000), cert. denied, 532 U.S. 980 (2001), where the record was silent as to what impact, if any, a disturbance in the corridor (not in the courtroom) had on any court proceedings. Cf. *Commonwealth* v. *Diamond,* 46 Mass. App. Ct. 103, 105 (1999), where a crude and vulgar comment to counsel, not to the judge, did not disrupt the court's business.

The defendant's additional claim that the verdicts were inconsistent is without merit. Not only were the verdicts not inconsistent, but "[i]n this Commonwealth 'the rule is well established in criminal cases that mere inconsistency in verdicts, one of which is an acquittal, will not render the verdict of guilty erroneous. . . .' " *Commonwealth* v. *Robicheau,* 421 Mass. 176, 184 (1995) (citations omitted).

*Judgment affirmed.*

*Paul V. Trimboli, Jr.,* pro se.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.