Connolly, J.
After review of all submissions, plaintiff, Alice Ellis’ Motion to Continue Tribunal is ALLOWED due to a real or apparent conflict of interest. Doctor Murano, the medical member of the tribunal, was previously represented by the defendant, Carol DiVajo, DPM’s attorneys in this case, namely, Conn, Kavanaugh, Rosenthal, Peisch and Ford, in two malpractice claims against Dr. Murano.
Further, the defendant’s counsel states in his memorandum that “(ffinally, the failure to conduct the tribunal and submit an offer of proof would delay discovery.” With due deference to the single Superior Court decision cited in support of such a proposition, this Court cannot agree with any such reasoning in this case. Chapter 231, §60B requires (“shall”) that the tribunal to be held within 15 days after the answer of the defendant has been filed. However, from a practical and common sense point of view, this provision cannot and is not being followed in any county since the enactment of ch. 231, §60B. The time for holding a tribunal is more likely in some counties to be in excess of a year. To deny the right to discovery “pending a tribunal” for a year or more after the filing of a civil action for malpractice is devoid of any practical or common sense. It is one thing to allow the medical and health profession the special privilege to have tribunals to screen its cases, it is another thing to delay discovery to a time when memories fade or when medical records get “lost.” E.g., Keene v. Brigham & Women’s Hospital 439 Mass. 223 (2003). While ch. 231, §60B does provide for a tribunal to be held within fifteen days after the defendant’s answer has been filed, the statute makes no provision for the suspension of discovery. The statute does not refer in any way to the suspension of discovery. The court should not be reading into statutes things that are not there. The Legislature may amend the statute to provide for the suspension of discovery, but it is not the role of Court to make the law when the legislative law is clear.[1]
It is further ORDERED that there is not nor will there be any suspension of discovery pending the holding of a tribunal hearing in this case.

It may be inferred that in setting the tribunal to be held within fifteen days of the filing of the defendant’s answer the Legislature was attempting to limit the costs of the legal defense of medical malpractice cases. However, when the time for holding the tribunals go far beyond fifteen days (and on to a year or two after the defendant’s answer is filed), there is no practical or common sense reason to prohibit discovery. The plaintiff here has done nothing to cause this delay. Mass.R.Civ.P. 1 provides that the Rules “shall be construed to secure the just, speedy and inexpensive determination of every action.” To suspend discovery for an indefinite period of time would not provide for a “speedy” determination of this civil action.