Ricciardone, David, J.
Plaintiffs counsel, who is a doctor, has moved to continue the tribunal scheduled on this matter because both he and the medical member of the tribunal worked in the OB /GYN department at Beth Israel Hospital at the same time for some period.[1] Since he alleges that “not all [their] contacts and interactions were positive,” there is a “perceived conflict of professional responsibility and a potential undermining of the credibility and impartiality of the judicial process.” (Motion, Paper #16, p. 2.)
There is insufficient information in the plaintiffs motion to support this conclusion. It appears that the attorney does not want the doctor on the tribunal and has successfully moved to have tribunals continued in the past when this specific doctor was a member. Nevertheless, those motions were assented to, this one is not. Evidently, none of the requests to continue due to a conflict with the doctor involved here has ever been addressed on its merits.
A conflict can result in a medical malpractice tribunal being continued, for example where the attorney has represented the medical member previously. Ellis v. Mass. General Hospital, 17 Mass. L. Rptr. 717 (2004, Suffolk Superior #03-03208). Here, however, there is no such prior relationship, nor is there an indication that the attorney’s advocacy will be in any way compromised. As to the doctor herself, her input should be considered, perhaps even be dispositive, in a fair determination of a conflict of interest.
By way of illustration, when a judge is called upon to recuse herself, she is bound to undertake a two-part process in which she first examines her conscience in a personal, internal test to insure that she is free of prejudice; if so, she moves on to an objective appraisal to determine if her impartiality might reasonably be questioned. Lena v. Commonwealth, 369 Mass. 571, 575 (1976). In the case at bar, plaintiffs counsel would wholly substitute his own assessment, and on very sparse facts, at that.
In this, one has to note the nature of this proceeding as well. The medical malpractice tribunal makes only a specific and limited assessment as to whether the plaintiffs offer raises a legitimate question of liability appropriate for judicial inquiry, or whether the plaintiffs case is merely an unfortunate medical result. G.L.c. 231, §60B. Even if the tribunal decides that the claim only amounts to an unfortunate medical result, the plaintiff may still pursue the case upon the filing of a bond. Id. Therefore, as a practical matter, the doctor at issue here will not take part in the ultimate decision on the merits of this case, and, in any event, provides only one of three votes.
*388 Although the actual hearings are short, the scheduling of the medical malpractice hearings can take months.[2]1 also credit the defendant’s observation that these tribunal hearings present a significant challenge to the Clerk’s office to schedule, and I decline to add to that challenge or delay this litigation on the record of this matter.
For all'of the above reasons, the plaintiffs motion to continue the tribunal hearing is DENIED.

The motion does not disclose the date(s) when their employment coincided. Defendant Osterov’s opposition to the motion compares Board of Registration information and postulates that it could not have been more recent than 1988.

As one example, in Mwangi, PPA et al. v. Merlin, M.D., Plymouth Superior Court Civil Action No.: 2009-01093A, cited in support of the plaintiffs motion, the requests for continuances have resulted in no tribunal as yet scheduled, some twenty-seven months after the filing of the complaint.