Kyricopoulos has now filed what appears to have been intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Technically speaking, rule 2:21 does not apply in this situation because Kyricopoulos is not challenging any interlocutory ruling of the trial court. It is nonetheless clear that he is not entitled to review pursuant to G. L. c. 211, § 3. He continues to raise issues related to the delay in the assembly of the record in the trial court. To the extent that the record was assembled and Kyricopoulos's direct appeal was properly entered in the Appeals Court, the issue is moot. To the extent that Kyricopoulos claims that, in connection with the delay in the assembly of the record, members of the bar and the judiciary falsified docket entries, committed perjury, or otherwise sought to deprive Kyricopoulos of his rights, his arguments are neither adequate appellate argument nor substantiated by the record. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See also Gorod v. Tabachnick, 428 Mass. 1001, 1001, 696 N.E.2d 547, cert. denied, 525 U.S. 1003, 119 S.Ct. 514, 142 L.Ed.2d 426 (1998), and cases cited.[4]
The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.
Judgment affirmed.
*941 The case was submitted on the papers filed, accompanied by a memorandum of law.

Furthermore, Kyricopoulos's pejorative remarks about various individuals involved with his case, including a prosecutor, several judges, and the Attorney General, are inappropriate and do not in any way enhance his position.