NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-878

JAMES ROSENCRANZ

vs.

IANTHUS CAPITAL HOLDINGS, INC., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, James Rosencranz, brought this action against his former employer, Ianthus Capital Holdings, Inc., and its subsidiary, Mayflower Medicinals, Inc. (hereinafter Mayflower), claiming, among other things, that Mayflower unlawfully terminated his employment.  The complaint sought damages for various alleged improper employment actions, age discrimination under G. L. c. 151B,[2] unsafe and hostile working

---

[1] Mayflower Medicinals, Inc.; Michael Silvestri; Amy Anderson; Linda McClintock; Caleb Johnson; John Henderson; and Ashley Cabana.

[2] Rosencranz initially filed an age discrimination claim with the Massachusetts Commission Against Discrimination (MCAD) but withdrew it before filing this lawsuit.

conditions, violations of Massachusetts sick time laws, and intentional infliction of emotional distress.[3] Mayflower filed a motion to dismiss the complaint or, in the alternative, to compel arbitration based on an arbitration clause set forth in Rosencranz's employment agreement. A judge of the Superior Court allowed Mayflower's alternative motion and ordered arbitration. As we discuss in more detail below, there was no arbitration, and the complaint was subsequently dismissed. The judge also denied Rosencranz's motions for reconsideration and recusal. For the reasons that follow, we affirm the judgment of dismissal, concluding that the judge did not erroneously order the matter to arbitration or deny the motions for reconsideration and recusal.

---

[3] The individual defendants were employed by Mayflower as members of its management team during the period of Rosencranz's employment. The complaint alleges that some or all of these persons were responsible, at various times, for subjecting Rosencranz to numerous indignities and unsafe working conditions. Specifically, Rosencranz claimed that he was required to purchase and wear "khaki colored pants" but was not reimbursed; was "ordered . . . to stop sitting in a chair at a time when [he] was neither waiting on a patient, nor was a patient entering the dispensary"; was "mock[ed] [and] laugh[ed] at . . . over the question of whether 'khakis,' the color of the pants that [Mayflower] order[ed] all to wear as a uniform, were a color of pant (as [Rosencranz] said) or a type of pant"; was required to work on July 6, a ninety-three degree day, notwithstanding "that the air conditioner was not working"; and that Mayflower "[told] him that it was [Mayflower's] policy to provide a 'doctor's note' when absent from the job" and "requested that [Rosencranz] provide certification through a 'doctor's note.'"

Background. The following facts are drawn from the record and are undisputed between the parties except where noted. Mayflower owns and operates medical cannabis dispensaries in Massachusetts. On September 12, 2018, Mayflower offered Rosencranz a position as a "packager/trimmer" at its Allston location.[4] Rosencranz accepted the offer of employment by signing an offer letter on September 17, 2018.[5] The offer letter contained a broad arbitration clause, which states in relevant part that:

> "Any controversy or claim arising out of this offer letter or your employment shall be settled by binding arbitration under the auspices of the American Arbitration Association ('AAA') in Boston, MA in accordance with the Employment Dispute Resolution Rules of the AAA."

Rosencranz then began working at the dispensary on or about October 30, 2018. In September 2019, Mayflower terminated Rosencranz's employment. Rosencranz filed this lawsuit in September 2022.

As previously noted, Mayflower filed a motion to dismiss or, in the alternative, to compel arbitration pursuant to G. L. c. 251, § 2 (a). Mayflower asserted that all of Rosencranz's claims arose from his employment and, consequently, the terms of

---

[4] Rosencranz alleges that he was hired as a "sale agent" and not a trimmer. Nothing turns on this discrepancy.

[5] At times the parties refer to the offer letter as an employment agreement.

3

the arbitration clause required that the claims be resolved in arbitration. Rosencranz opposed the motion. Relying on Warfield v. Beth Israel Deaconess Med. Ctr., Inc., 454 Mass. 390 (2009), he primarily argued that because the arbitration clause did not specifically encompass discrimination claims under G. L. c. 151B, those claims were subject to litigation in the Superior Court.

Following a hearing, at which Mayflower was represented by counsel and Rosencranz appeared pro se, a judge of the Superior Court issued an "Expanded Endorsement" in which he rejected Rosencranz's argument. In doing so, the judge concluded that all of Rosencranz's claims fell within the scope of the arbitration clause contained within the employment agreement. The judge reasoned as follows:

> "Massachusetts Arbitration Act, detailed in [G. L. c. 251, § 1], expressly treats arbitration clauses as valid, enforceable and irrevocable. . . . Massachusetts recognizes a liberal policy favoring the use and enforcement of arbitration agreements. . . . The clause sufficiently describes that '[a]ny controversy or claim arising out of this offer letter or your employment shall be settled by binding arbitration' and therefore there exists a rebuttable presumption that all of Rosencranz's claims should be resolved via arbitration as they arose and/or relate[] to his employment. . . . Additionally, I do not find, based upon the pleadings and attachments appended thereto, that [Mayflower] waived their right to arbitrate any and all claims due to any failure to answer, intercede and/or defend" (footnotes, emphasis omitted).

The judge then ordered arbitration, entered a nisi dismissal order, and temporarily retained jurisdiction pending

4

arbitration or settlement of Rosencranz's claims.  The dismissal order provided that the complaint would be dismissed "after [the] action was reported going to mediation/arbitration" and that an "Agreement or Stipulation shall be filed in this court by" May 5, 2023.  No such agreement or stipulation was filed by that date.  Instead, on May 12, 2023, Rosencranz filed a motion for reconsideration.  That motion was denied in a margin endorsement on May 17, 2023.  Two weeks later, Rosencranz moved for the judge's recusal.  The judge denied the motion to recuse on June 8, 2023, and a judgment of dismissal for "[f]ailure to comply with nisi order" entered on the following day, June 9, 2023.

Discussion.  1.  The arbitration order.  Our review of an order compelling arbitration is de novo.  Machado v. System4 LLC, 471 Mass. 204, 208 (2015).  Relying on Warfield, 454 Mass. 390, Rosencranz first argues, as he did below, that the arbitration clause does not cover his claims, particularly his claim of age discrimination, because the clause did not, in "clear and unmistakable" terms, include a waiver of his claims under G. L. c. 151B.  Warfield, supra at 398.  We are not persuaded.

To begin with, the arbitration clause at issue here is distinguishable from the clause addressed in Warfield.  There, the arbitration clause required "arbitration of any dispute

5

'arising out of or in connection with this Agreement or its negotiations.'" Warfield, 454 Mass. at 402. The Supreme Judicial Court held that the phrase, "arising out of or in connection with the Agreement or its negotiations," which was not defined in the agreement, did not "cover[] claims of statutorily based gender discrimination and retaliation under c. 151B." Id. As the court explained, "[t]he clause refers to disputes arising out of or concerning the agreement or negotiations leading to the agreement rather than concerning employment generally, and it seems to presume a continuing working relationship even as disputes pertaining to the provisions of the agreement would be resolved through arbitration" (emphasis added). Id. Here, by contrast, the arbitration clause definitively requires Rosencranz to arbitrate "[a]ny controversy or claim arising out of [the] offer letter or [his] employment." This language is clear and, in our view, unmistakably includes claims of discrimination within the scope of protection afforded by G. L. c. 151B. Thus, Rosencranz's age discrimination claim is subject to arbitration.[6]

Next, Rosencranz argues that the judge improperly applied Federal law applicable to the Federal Arbitration Act (FAA). He

---

[6] We note, however, that Rosencranz was not precluded from filing a complaint with the MCAD. See Joulé, Inc. v. Simmons, 459 Mass. 88, 96 n.9 (2011).

6

claims that the FAA does not govern because Mayflower is not engaged in interstate commerce.  This argument is based on the assertion that because Federal law prohibits the sale of marijuana, the trade in which Mayflower engages, Federal standards cannot be applied.  We think this is a dubious assertion but, in any event, we need not address it because we have not applied the FAA or relied on Federal case law to reach our conclusion.[7]  Instead, we are guided by our case law and the Massachusetts Arbitration Act, G. L. c. 251, in determining that Rosencranz's claims fall within the scope of the arbitration clause.[8]

2.  Motion for reconsideration.  Next, Rosencranz claims that the judge abused his discretion in denying his motion for reconsideration.  See Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 278 (2020) (a decision denying a motion for reconsideration is reviewed for abuse of discretion).  We discern no abuse of discretion where Rosencranz presented no new argument, did not allude to any changed circumstances, or refer to any new development of the law in his motion.  Id.  "There is

---

[7] See Boursiquot v. United Healthcare Servs. of Delaware, Inc., 98 Mass. App. Ct. 624, 630 n.7 (2020).

[8] For the same reason, we need not address Mayflower's argument that, despite Warfield's holding, the FAA preempts any State based requirements for the enforceability of arbitration agreements.

no error in the denial of a motion that merely seeks, as this one did, a 'second bite at the apple.'" Id., quoting Liberty Square Dev. Trust v. Worcester, 441 Mass. 605, 611 (2004).

3. Motion for recusal. After the judge denied Rosencranz's motion for reconsideration, Rosencranz moved to have the judge recuse himself. He claimed that the judge exhibited "bias and animus" toward him by ruling against him and by referencing his current and prior status as a member of the Bar in his order. The reference was contained in a footnote; the judge wrote that Rosencranz "is, upon information derived from him at the hearing, a Massachusetts trained attorney who practiced for a number of years but is presently not licensed. He was suspended from the practice of law in 2011 (six months) and again in 2018 (three months)."[9]

In deciding a motion for recusal, a judge must "consult first [his] own emotions and conscience" to ascertain whether he is subjectively free from bias. Commonwealth v. Morgan RV Resorts, LLC, 84 Mass. App. Ct. 1, 9 (2013), quoting Lena v. Commonwealth, 369 Mass. 571, 575 (1976). If the judge "subjectively believes [he] can rule impartially," he "must next attempt an objective appraisal of whether . . . [his]

---

[9] Rosencranz filed a motion to strike the footnote, but there is no indication in the docket that the judge ruled on the motion.

8

impartiality might reasonably be questioned" (quotation omitted).  Id.  We review a judge's decision on a recusal motion only for an abuse of discretion.  See Parenteau v. Jacobson, 32 Mass. App. Ct. 97, 99 (1992).  We discern none here.

Although the judge did not provide any explanation for denying the motion seeking his recusal, we can readily infer that he believed his rulings were not affected by any perceived bias and that he had acted impartially.  We discern no basis for questioning that belief.  Contrary to Rosencranz's assertion, the judge's comment about his suspension from the practice of law does not lead us to conclude that the judge acted improperly or that there was an appearance of partiality.  As such, the motion for recusal was properly denied.  See Morgan RV Resorts, LLC, 84 Mass. App. Ct. at 9-10.

Judgment affirmed.

By the Court (Vuono, Shin & Toone, JJ.[10]),

Paul Little

Clerk

Entered:  September 17, 2024.

---

[10] The panelists are listed in order of seniority.