SUPREME JUDICIAL COURT 
 
 JAMES PETER KYRICOPOULOS vs. COMMONWEALTH

 
 Docket:
 SJC-13717
 
 
 Dates:
 July 31, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Practice, Civil, Action in nature of mandamus.
 
 

       The petitioner, James Peter Kyricopoulos, appeals from a judgment of a single justice of this court denying his petition for relief in the nature of mandamus.  We affirm.
      In October 2014, Kyricopoulos was convicted in a single criminal case of nineteen counts of larceny over $250, in violation of G. L. c. 266, § 30 (1).[1]  He was sentenced to from three to five years in State prison and eight years of probation from and after his State prison sentence.  He was also ordered to pay restitution.  In September 2024, Kyricopoulos filed a motion styled a "petition [for relief from] unlawful restraint" pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001).  The motion judge in the Superior Court treated this as a motion to terminate probation early, and he denied it on the ground that it provided no basis for the relief sought.  
      In December 2024, Kyricopoulos petitioned a single justice of this court seeking relief in the nature of mandamus.  Specifically, Kyricopoulos sought to compel the Superior Court to vacate his criminal convictions, expunge any related records, and refund the restitution paid.  As he had in his motion, Kyricopoulos alleged that when pursuing an earlier appeal or appeals from his convictions, there was a delay in his receipt of trial transcripts, which transcripts he nevertheless acknowledges that he received in 2019; that there were deliberate omissions in the dockets; and that during his incarceration, he was prescribed medications intended to harm him.  Kyricopoulos had made similar allegations in a series of prior petitions before single justices of this court, and he has been "warned . . . that future such filings might result in the court's taking remedial measures, including restrictions on future filings."  Kyricopoulos v. Commonwealth, 484 Mass. 1008, 1008 (2020).  See Kyricopoulos v. Attorney Gen., 481 Mass. 1024, 1025 (2019).  Here, the single justice concluded that Kyricopoulos had not shown that he was entitled to relief in the nature of mandamus, and she denied Kyricopoulos's motion that she recuse herself.  
      We discern no abuse of discretion or error of law, either in the single justice's denial of the petition for relief in the nature of mandamus or in the denial of Kyricopoulos's motion to recuse.  See Padmanabhan v. Executive Director of the Bd. of Registration in Med., 491 Mass. 1031, 1032-1033 (2023) (mandamus); Commonwealth v. Zine, 52 Mass. App. Ct. 130, 134 (2001) (motion to recuse).  As a threshold matter, the single justice would have been justified in denying relief based solely on the duplicative nature of the petition.  Further, relief in the nature of mandamus "is extraordinary, and is granted in the discretion of the court where no other relief is available."  DeLong v. Register of Probate for Middlesex County, 495 Mass. 1031, 1032 (2025), quoting Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006).  Here, another avenue was available to Kyricopoulos to obtain review of the denial of his motion, in the form of an appeal to the Appeals Court.  See Mass. R. Crim. P. 30 (c) (8), as appearing in 435 Mass. 1501 (2001).  Indeed, Kyricopoulos commenced such an appeal, but it was dismissed because he failed to prosecute it.
      The judgment of the single justice is affirmed.  The clerk of this court for Suffolk County and the clerk for the Commonwealth are instructed not to accept any new petition or appeal from Kyricopoulos that seeks extraordinary relief, by way of G. L. c. 211, § 3, or otherwise, unless it is accompanied by a motion for leave to file, and shall not docket the petition or appeal unless and until the full court grants the motion upon making a preliminary determination that the petition or appeal is not duplicative, that the petitioner has no other adequate remedy, and that he has furnished the court with a record that substantiates his claims.  Cf. Kifor v. Commonwealth, 492 Mass. 1002, 1003 (2023).
      Judgment affirmed.
      The case was submitted on briefs.
      James Peter Kyricopoulos, pro se.
      Jennifer D. Cohen, Assistant District Attorney, for the Commonwealth.
footnotes

      [1] We recite information obtained from the electronic dockets.  See Donald v. Commonwealth, 494 Mass. 1016, 1017 (2024), citing Mushwaalakbar v. Commonwealth, 487 Mass. 627, 631-632 (2021).