NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-813
25-P-814

S.Y.

vs.

E.C.
(and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, E.C., appeals from the extension of two harassment prevention orders issued in favor of the plaintiffs, S.Y. and G.L., her brother and sister-in-law, respectively, following a two-party hearing[2] in the District Court.  See G. L. c. 258E, § 3.  The defendant also appeals from two orders denying her motions to recuse the hearing judge and to terminate the orders.  We affirm.

---

[1] G.L. vs. E.C.

[2] Although S.Y.'s and G.L.'s cases were not formally consolidated, the hearing judge paired the two-party hearing on S.Y.'s order with the two-party hearing on G.L.'s order.

Background.  On May 28, 2025, the plaintiffs each filed a complaint for a harassment prevention order against the defendant.  A judge of the District Court issued the orders ex parte.  After the defendant was served with the orders, a different judge of the District Court (hearing judge) held a "two-party hearing" on both orders on June 11, 2025.  All three parties (S.Y., G.L., and E.C.) appeared at the hearing and testified.  The hearing judge found that the defendant poses "a credible threat to the physical safety" of both plaintiffs.  Accordingly, the judge extended both orders for one year.  The defendant timely appealed.

After the two-party hearing, the defendant filed motions to terminate the c. 258E orders and to recuse the hearing judge.  The hearing judge denied these motions.  Again, the defendant timely appealed.

Discussion.  1.  Denial of due process.  The defendant asserts that she was deprived of due process at the two-party hearing.[3]  Because the defendant did not raise this issue during

_____

[3] We note that the defendant is representing herself on appeal.  Nevertheless, self-represented litigants are (1) required to abide by the Massachusetts Rules of Appellate Procedure; and (2) held to the same standard as litigants represented by counsel.  See Maza v. Commonwealth, 423 Mass. 1006, 1006 (1996).  See also Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994).

2

the hearing, it is waived.  The usual rule is that a party who "did not sufficiently raise [an] issue below . . . [is] barred from raising it on appeal."  Boss v. Leverett, 484 Mass. 553, 562 (2020).  Both the opposing party and the judge must be "fairly put on notice as to the substance of the issue." Chelsea Hous. Auth. v. McLaughlin, 482 Mass. 579, 584 (2019), quoting Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000). "The reason for this fundamental rule of appellate practice is well established:  it is important that an appellate court have before it an adequate record and findings concerning a claim to permit it to resolve that claim properly" (quotation and citation omitted).  Boss, supra at 563.  See Commonwealth v. Bly, 444 Mass. 640, 650-651 (2005) (reviewing reasons for waiver rule, including "the importance to an appellate court of having the considered opinion of the trial judge on issues that have not been preserved").

Even if we were to reach this issue, we note that the defendant received adequate notice of the two-party hearing and was represented by counsel at the hearing.  Moreover, the hearing judge allowed her to testify and present evidence.  The hearing judge also allowed her counsel to cross-examine the plaintiffs.  Finally, the hearing judge allowed the defendant's counsel to make an argument opposing the extension of the

3

orders.  This satisfied the requirements of due process.  See

Frizado v. Frizado, 420 Mass. 592, 597-598 (1995); M.M. v.

Doucette, 92 Mass. App. Ct. 32, 34 (2017).[4]

2.  Motions for recusal.  We review a judge's decision on a

recusal motion for an abuse of discretion.  See Parenteau v.

Jacobson, 32 Mass. App. Ct. 97, 99 (1992).

In deciding a motion for recusal, a judge must "consult

first [his] own emotions and conscience" to ascertain whether he

---

[4] We note that entry of a harassment prevention order
requires a finding of harassment, defined in G. L. c. 258E, § 1,
as "[three] or more acts of willful and malicious conduct aimed
at a specific person committed with the intent to cause fear,
intimidation, abuse or damage to property and that does in fact
cause fear, intimidation, [or] abuse . . . ."  Seney v. Morhy,
467 Mass. 58, 60 (2014).  When an act consists solely of speech,
it "must be either a 'true threat' . . . or 'fighting words.'"
A.R. v. L.C., 93 Mass. App. Ct. 758, 760 (2018), quoting O'Brien
v. Borowski, 461 Mass. 415, 425 (2012).  True threats are
"direct threats of imminent physical harm" or "words or actions
that -- taking into account the context in which they arise --
cause the victim to fear such [imminent physical] harm now or in
the future."  O'Brien, supra.

After reviewing the limited hearing record before us (the
affidavits in support of the applications and the transcript),
we could not discern any evidence of the defendant's intent to
cause the plaintiffs fear of imminent physical harm.  See Kareem
K. v. Ida I., 100 Mass. App. Ct. 902, 904 (2022) (none of
defendant's Facebook messages, telephone calls, and e-mail
messages to plaintiff "qualifie[d] as a true threat").  We are
mindful that the hearing included evidence that we do not have
on appeal.  We do not address this issue further because the
defendant did not raise it in her appellate briefs.  See Mass.
R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019);
Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).

4

is subjectively free from bias.  Commonwealth v. Morgan RV Resorts, LLC, 84 Mass. App. Ct. 1, 9 (2013), quoting Lena v. Commonwealth, 369 Mass. 571, 575 (1976).  If the judge "subjectively believes [he] can rule impartially," he "must next attempt an objective appraisal of whether . . . [his] impartiality might reasonably be questioned" (quotation omitted).  Id., quoting Lena, supra.

There is no evidence in the record to suggest that the judge erred in concluding he could remain impartial in these cases.  In his decision denying the motions, the judge made clear that prior to the hearing on June 11, 2025, he had never had any contact or communication with any party and based his decision solely on the evidence presented to him.

In support of her assertion that the hearing judge was biased, the defendant alleges that he denied her due process, including the right to an "impartial tribunal" and to "cross-examine [her] accusers."  The record contradicts these claims.  As noted above, the hearing transcript reflects that the defendant's counsel was given ample opportunity to cross-examine the plaintiffs, conduct direct examinations of both the defendant and the defendant's and S.Y.'s mother, and present arguments as to why the orders should not be extended.  Accordingly, we see no basis to conclude that the judge abused

5

his discretion in denying the defendant's motions to recuse. See Commonwealth v. Zine, 52 Mass. App. Ct. 130, 132 (2001).

3. <u>Motions to terminate orders</u>. We review the judge's orders denying the defendant's motions to terminate for an abuse of discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

General Laws c. 258E, § 3 (e), allows a judge to modify or terminate a harassment prevention order upon the request of either party. The judge may modify or terminate such an order prior to its expiration if the moving party demonstrates "a significant change in circumstances since the entry of the order that justifies termination of the order." MacDonald v. Caruso, 467 Mass. 382, 388 (2014). See also Tom T. v. Lewis L., 97 Mass. App. Ct. 698, 700 (2020) (appellate courts "have applied essentially the same analysis for abuse prevention orders issued pursuant to c. 209A and harassment prevention orders issued pursuant to c. 258E since c. 258E was enacted, except in instances where the language of the statutes themselves was different"). Notably for this case, "[a] defendant's motion to terminate an order is not a motion to reconsider the entry of a final order and does not provide an opportunity for a defendant to challenge the underlying basis for the order or to obtain relief from errors correctable on appeal." Id.

We are unable to review the substance of the defendant's claims of error regarding the denial of her motion to terminate S.Y's harassment prevention order because that motion is not part of the record. See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019). However, in her motion to terminate the order issued to G.L., the defendant essentially sought to relitigate the two-party evidentiary hearing. Specifically, she challenged the judge's credibility determinations and the sufficiency of the evidence. Because a motion to terminate an order "is not a motion to reconsider the entry of a final order, and does not provide an opportunity for a defendant to challenge the underlying basis for the order," MacDonald, 467 Mass. at 388, the judge did not abuse his discretion in denying the

defendant's motion.[5]

Extension orders dated June 11, 2025, affirmed.

Orders denying motions to recuse and motions to terminate affirmed.

By the Court (Singh, Hershfang & Wood, JJ.[6]),

*Paul Little*

Clerk

Entered:  March 24, 2026.

---

[5] The appellant's remaining arguments do not rise to the level of appellate argument and so we do not address them.  See Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019).

[6] The panelists are listed in order of seniority.